O’CONNELL, Justice.
Claimant, William A. Crosby, has petitioned for writ of certiorari to review the order of the Florida Industrial Commission affirming the order of the deputy commissioner wherein he denied and dismissed his claim for compensation and remedial treatment. Respondents, Tampa Electric Co. and Globe Indemnity Co., are the employer and its carrier.
*723 The primary controversy in this case is whether or not the deputy resolved the conflicts existing in the medical testimony.
Claimant candidly observes that the testimony of one of the medical witnesses, Dr. Richard J. Miller, fully supports the finding of the deputy and he admits that had the deputy set forth his reasons for adopting that testimony instead of the conflicting testimony, he would have less basis to argue here for reversal of the deputy’s order. Claimant contends, however, that there were conflicts in the medical testimony and the deputy improperly based his finding upon only one side of the case, completely ignoring in his order the contrary side.
We have carefully studied the testimony and reports of the several doctors who examined or treated the claimant. Our conclusion is that the claimant’s contention must be sustained. As commented by the dissenting member of the commission, the deputy’s duty was to evaluate all the testimony and weigh the opinion of each medical expert testifying, setting forth in his order the basis for his rejection of any such opinion. Andrews v. C. B. S. Division, Maule Industries, Fla.1960, 118 So.2d 206.
We shall note the testimony which leads us to the above conclusion.
Dr. Miller testified that the industrial accident (an automobile accident wherein claimant suffered a whiplash injury to his neck) had caused temporary damage to the soft tissue in claimant’s neck; did not aggravate his previous arthritic condition in his cervical or lumbar spine; and caused no residual disability. He said claimant at the time of the hearing had recovered completely from the effects of that accident and his need for further remedial treatment was solely related to the pre-existing arthritis.
In his order the deputy set out the above opinion of Dr. Miller and concluded the claim should be denied and dismissed.
The deputy mentioned in his order that during the month preceding the month in which the claimant experienced his industrial accident he was examined by Dr. Victor H. Knight, Jr., who commenced treatment of the claimant for his arthritic condition.
Next, the deputy mentioned that Dr. Arthur J. Pasach treated claimant for the whiplash injury to his neck. He said that doctor had discharged the petitioner for the purpose of a permanent rating but had recommended further physiotherapy treatment for palliative reasons.
The deputy concluded with the reference to Dr. Miller’s testimony, outlined above, and made no further mention of the opinions or reports of Dr. Knight or Dr. Pasach. He did not even mention the fact three other doctors testified and the reports of a fourth were considered.
Dr. Davis S. Boling testified that he felt claimant’s condition was consistent with an aggravation of the arthritis and said the industrial accident made the symptoms worse. Pie indicated it was possible the whiplash injury caused nerves in the claimant’s spine to scrape over the arthritic spurs or ridges, causing edema (swelling) so that the nerves became too large to pass through the openings (foramina) through which they normally passed without restriction. He agreed that, on the other hand, claimant’s condition was also consistent with the degenerative process of the arthritis without the intervention of the trauma.
Dr. Eugene B. Maxwell testified the condition was consistent with the factor of aggravation. He said the accident caused the pain to appear and thus there is possible inference in his testimony to the effect his opinion was that the accident did aggravate the arthritis.
Dr. Knight said the injury did have an aggravating effect and claimant was still suffering from it. He was of the opinion claimant continued to require medical trc atment and he thought the need was related to both the accident and the arthritis.
*724 In his testimony, Dr. Pasach stated the accident did aggravate the pre-existing arthritis. It could be inferred from his comments that he was of the opinion the accident caused aggravation of the effect of the arthritis and not the arthritis itself.
It seems to have been established that the industrial accident had caused no change in the bony pathology of the claimant primarily through the study made by the various physicians of x-rays taken a month prior to the accident, the day following the accident, and some six months afterwards. Apparently these x-rays compelled that view.
Yet, some of the medical witnesses, as has been seen, actually expressed the opinion the accident had caused an aggravation. Perhaps it would be possible to explain or resolve the medical testimony so that no conflict results and perhaps there was in the deputy’s mind a valid distinction between aggravation of the arthritis and aggravation of the effect of arthritis, if he were of the conviction the doctors other than Dr. Miller were merely of the opinion that was the extent of the aggravation caused by the accident. Nevertheless, we cannot ascertain from his order just what his thought or conviction was or on what basis he determined to reject those doctors’ opinions. His failure to even discuss or mention those medical opinions makes it impossible for us to determine whether the deputy’s findings are based on competent substantial evidence, according with logic and reason.
It is not our prerogative, nor that of the commission, to weigh these medical opinions, determine whether in truth a conflict exists, and resolve any such conflict. The prerogative is solely that of the deputy commissioner. We are told the deputy who entered the subject order is no longer with the commission, but that fact does not confer upon us or the commission authority to make such findings. In this regard the former deputy may be appointed pro hac vice to handle this case on remand.
Accordingly, the petition for writ of cer-tiorari is hereby granted, the order of the commission quashed, and the cause remanded for further proceedings consistent with the above opinion.
ROBERTS, C. J., and TERRELL, THOMAS, DREW, THORNAL, O’CONNELL and CALDWELL, JJ., concur.