O’CONNELL, Justice.
The claimant, Petitioner here, received a compensable injury by inhalation of a gas used in fumigation.
In the proceeding before us claimant, who had been furnished temporary total disability benefits and medical treatment, sought a determination that he was still temporarily totally disabled or was permanently totally disabled. He also sought further medical benefits.
After six hearings, which resulted in a transcript of some 580 pages, the deputy entered an order in which he found that claimant had no organic residual disability, but did have some residual permanent disability of an emotional or psychiatric nature. He found that claimant’s condition was the result of inhalation of the gas, compounded by conscious or subconscious motivation for gain and deleterious influence of other persons.
He found the claimant to suffer some loss of wage earning capacity, saying:
“I further find this claimant is employable. It would be inadvisable to return to the same type of work that he *522 was performing when injured. He is 37 years old and, aside from his emotional problem, is in good physical health. At the time of his injury he was earning $91.86. It is unlikely that he can realize that rate of pay in other forms of labor. But, it is my opinion that he can adjust himself to a wide variety of physical labor jobs that pay in the area of $60.00 per week. Accordingly, it is my opinion and I find that claimant has a 35 per cent permanent disability based on his loss of wage earning capacity.”
The deputy found that further psychiatric treatment was not required under Sec. 440.13(1) F.S.A., saying that such treatment would work to the disadvantage of ■claimant, who would be best benefitted by putting an end to this litigation.
Next, the deputy, explaining that it was impossible to delineate a date of maximum recovery so as to divide claimant’s temporary and permanent disability, said:
“I arbitrarily select the first hearing date, March 14, 1961, as the date of maximum recovery.” (Emphasis ours).
We note here that the last hearing in this cause was held on June 8, 1961 and the deputy’s order was rendered on June 30, 1961.
On review the full commission affirmed the deputy’s order and claimant has brought the cause here.
We have determined that the cause must be reversed and remanded to the deputy for the reasons explained below.
While the candor of the deputy in admitting that he “arbitrarily” selected the date of maximum recovery is refreshing, this admission in itself points up the necessity for remand for the determination of such date on competent substantial evidence. The selection of the date here is quite obviously not based on such evidence. Although there is evidence which indicates that claimant will not benefit from further medical treatment it is not tied to the date selected by the deputy.
We are also forced to the conclusion that there is no competent substantial evidence to support the finding that the claimant has sustained a 35% loss of wage earning capacity, or evidence to support the deputy’s opinion that the claimant can earn $60.00 per week.
While the record seems to amply support the deputy’s finding that the claimant is not totally disabled, we find little or nothing therein to justify the percentage loss of wage earning capacity as determined by the deputy.
This is a peculiar case and the cause of the claimant’s disability (claimant is a Negro) seems to be involved with his interest in Temple Islam, a religion which according to the record teaches that the negro race must fight and deceive the white man; his concern with “hexes” and “voo doo” signs; and with the influence which a minister of his church exercises over claimant. He is also said to be motivated by and his condition attributable somewhat to the desire to gain from this litigation, and it is said that his condition will improve when the litigation is ended and claimant has received all he can get. Much of claimant’s psychiatric involvements may be unrelated to the accident here involved.
The deputy may well have considered all these factors and the result he reached may be the best one attainable, yet we have to conclude that it is not supported by the record.
Another point is raised here concerning the adequacy of the findings of the deputy as they relate to the testimony of the various medical experts who testified in this cause. There is merit to the contention of claimant that the deputy did not comply with the' requirements of Andrews v. C. B. S. Division, Maule Industries, Fla.1960, 118 So.2d 206, and Crosby v. Tampa Electric Co., Fla.1962, 142 So.2d 722, in explaining *523 his rejection or reliance on the testimony of the various witnesses. The deputy should cure this defect in his next order.
It is also contended that the deputy did not consider the variables delineated in Ball v. Mann, Fla.1954, 75 So.2d 758, and Southern Bell Telephone & Telegraph Co. v. Bell, Fla.1959, 116 So.2d 617. He did not mention these factors in his order so we are unable to determine whether he did or did not consider them in arriving at the wage earning loss figure. He should in his next order show that he has given due consideration to the factors mentioned in these cases.
We are not unmindful of the difficulties which deputy commissioners have in determining specific dates, percentages of disability and other essential facts, as well as in writing their orders so as to give reviewing authorities the basis for the deputies’ decisions.
It is a difficult task. The deputy commissioners do an excellent job in performing an essential and increasingly important service in our .present day industrial and social life.
We conclude by suggesting that in a case such as this where the record of the hearings does not contain the required evidence on an essential point, or points, the better procedure would be for the deputy, when he discovers the defect, to notify the parties of the lack of proof and afford them an opportunity to submit evidence to cure it before he enters his order.
For the reasons above expressed the writ o.f certiorari is issued and the order of the full commission quashed, with directions to remand this cause to the deputy commissioner for further proceedings consistent herewith.
It is so ordered.
TERRELL, Acting Chief Justice, and DREW, CALDWELL and HOBSON (Ret.), JJ„ concur.