168 So.2d 70 (1964)
TAMPA ELECTRIC COMPANY and Globe Indemnity Company, Petitioners,
v.
William A. CROSBY and the Florida Industrial Commission, Respondents.
No. 33127.
Supreme Court of Florida.
October 9, 1964.
Rehearing Denied November 6, 1964.
*71 Calvin A. Pope, of Shackleford, Farrior, Stallings, Glos & Evans, Tampa, for petitioners.
Morrice S. Uman, Tampa, for respondent William A. Crosby.
Patrick H. Mears, Tallahassee, and J. Franklin Garner, Lakeland, for respondent Florida Industrial Commission.
THORNAL, Justice.
By a petition for certiorari we have for review an order of the Florida Industrial Commission remanding a workmen's compensation matter to a deputy commissioner with instructions to make adequate findings.
Our principal concern is whether the order under review improperly restricted the deputy with regard to hearing additional testimony proffered by the employer.
Crosby, a bill collector for the petitioner Tampa Electric Company, suffered an industrial injury to the soft tissue of his cervical area. The injury occurred on February 24, 1960. Crosby was afflicted with a pre-existing arthritic condition in his neck and spine. On June 26, 1961, Deputy Commissioner Knowles held that the employee had reached maximum medical improvement on November 30, 1960, with no residual disability resulting from the accident. *72 He dismissed the claim and denied further benefits. Upon review the Full Commission affirmed. Certiorari was granted by this Court. By our opinion in Crosby v. Tampa Electric Co., et al., Fla., 142 So.2d 722, the order of the Commission was quashed and "the cause remanded for further proceedings consistent with the * * * opinion." When the cause was returned to the deputy commissioner level Deputy Knowles had been succeeded by Deputy Commissioner Miller. Deputy Miller concluded that our decision was tantamount to a reversal on the merits. He heard further testimony of several doctors but refused to permit the employer to introduce additional lay testimony on the physical condition of the employee. By his order dated March 6, 1963, and amended on March 7, 1963, Deputy Miller held that the claimant had not reached maximum medical improvement at the time of the hearing before Deputy Knowles on May 29, 1961. He found that the claimant had been paid wages in full until March 1, 1961. He held that the employee was entitled to temporary total disability benefits from March 1, 1961, together with further medical treatment and interim attorney fees. Deputy Miller retained jurisdiction to determine the date of maximum medical improvement, permanent partial disability benefits, if any, and a final attorney fee. Upon review of Deputy Miller's order, the Full Commission found that he too had failed to make adequate findings on the basis of an evaluation of the conflicting medical testimony. By its order entered October 16, 1963, the Full Commission vacated the order of Deputy Miller and remanded the cause to him for further consideration "with directions not to receive additional testimony". He was directed to consider the record already before him and enter a compensation order containing complete and adequate findings. It is this order of the Full Commission which we now review.
It is important that we return to our opinion in Crosby v. Tampa Electric Co., supra. We there merely held that, by his order of June 26, 1961, Deputy Knowles had failed to make findings sufficient to enable us to review his decision on the merits. We pointed out that several doctors gave conflicting views of the effect of the industrial injury and the extent of claimant's disability. We concluded with the holding that the deputy had failed to make adequate findings reconciling or evaluating the testimony of the doctors under the rule of Andrews v. C.B.S. Division, Maule Industries, Fla., 118 So.2d 206. By our judgment we merely remanded the cause for further proceedings consistent with the opinion. We did not pass upon the merits of the controversy. In fact, we expressly pointed out that it would be beyond the scope of judicial review to undertake to weigh and evaluate the conflicting medical testimony.
When the cause was remanded to him, Deputy Miller apparently undertook to "read between the lines" of our opinion. He expressed the view that the Court actually was dissatisfied with the results of the first deputy's order and had merely scanned the record to find a technicality upon which to reverse it. In this conclusion the deputy was in error. There was no justification for an assumption that this Court had even considered the merits of the controversy. The opinion clearly stated the contrary. From this initial error, albeit one reached in good faith, Deputy Miller then apparently proceeded to view the matter in the light of what he assumed to be this Court's position on the merits.
In the course of his consideration of the record Deputy Miller communicated with the attorneys for the parties, and by letter advised them in part, as follows:
"Since there has been a passage of time, claimant's condition may be such that a clearer picture can be obtained as to the effect that the accident has had on claimant's arthritic condition. Therefore, you will find enclosed a notice of hearing for further testimony."
*73 Consistent with his desire to obtain "a clearer picture" of claimant's condition the deputy then heard the further testimony of three doctors who had previously testified. The employer proffered the testimony of three laymen which purported to reveal various activities of the claimant bearing on his physical condition and disability. The deputy refused to consider this lay testimony. He held that only medical testimony would be appropriate. The lay testimony was proffered in the record.
The effect of the order of the Full Commission now before us would be to limit the testimony to a consideration of the "testimony already received". This would preclude a consideration of the lay testimony proffered by the employer.
The employer-petitioner here contends that Deputy Miller had no authority to consider any additional testimony when the cause was remanded. Alternatively, it is contended that since he had considered the additional medical testimony he should have allowed the employer to introduce lay testimony relevant to the claimant's physical condition.
By our first opinion we remanded the cause "for further proceedings consistent with the * * * opinion." A remand of this type does not preclude a deputy from exercising a quasi-judicial discretion to receive additional testimony if he deems it necessary to enable him to comply with the mandate. We do not have a prior definitive opinion on the point in workmen's compensation matters. However, by analogy, in chancery matters we have held that when a cause is remanded for reconsideration in the light of the opinion, the case goes back to the lower court in the same condition as if the order appealed from had not been entered. Under such circumstances it is proper for the trier of the facts to consider proof previously submitted and to allow additional proofs which either party might submit by prompt action. 2 Fla.Jur. "Appeals", Section 394, page 789; Stossell v. Gulf Life Ins. Co., 123 Fla. 227, 166 So. 821; Smith v. Smith, Fla., 118 So.2d 204; Lucom v. Potter, Fla., 131 So.2d 724. We apply the same rule here.
When a cause is remanded to a deputy with directions to make adequate findings it may be with or without further hearing as the circumstances require. Hardy v. City of Tarpon Springs, Fla., 81 So.2d 503; Moses v. R.H. Wright, et al., Fla., 90 So.2d 330; Andrews v. C.B.S. Division, supra. The reviewing court may conclude that reconsideration be given without additional testimony. In this event, the restriction on further testimony should be announced in the judgment. However, when the judgment of the reviewing court or commission merely remands for further consideration, without expressly restricting the trier of the facts, then the latter may, in his discretion, receive additional evidence. In the instant case we placed no restriction on the deputy when the cause was remanded to him. He was, therefore, at liberty to exercise a sound quasi-judicial discretion to allow additional testimony. He committed no error in receiving the further testimony of the doctors. However, when he did this he should have permitted the employer to present the additional relevant testimony of his lay witnesses. There are occasions when lay testimony can be as persuasive as medical opinions. Andrews v. Strecker Body Builders, Inc., Fla., 92 So.2d 521. Consequently, the deputy committed error when, under the circumstances, he denied to the employer the privilege of presenting this additional evidence after he had opened the cause for further medical testimony.
Recurring to the order of the Full Commission now under review we agree that the cause should again be remanded to the deputy with directions to make adequate findings and otherwise dispose of this matter on the merits. We agree with the restriction against the taking of additional testimony except to the extent that this restriction precludes a consideration of the *74 lay testimony previously offered by the employer but not allowed by the deputy. On remand the deputy should consider all of the testimony including that proffered by the employer. The restriction against additional testimony is further relieved to permit the employer to produce the testimony of the witness Knable, if promptly available. This witness was not available because of illness at the last hearing. Further, the employee should be permitted to offer testimony in response to the additional lay testimony allowed to the employer. However, it should be limited strictly to rebuttal. In all other respects the deputy should comply with the order of the Full Commission on the basis of the record now made.
For emphasis, we state again that we are not passing upon the merits of the cause. However, our examination of this record indicates that with the authorized additional evidence it should be sufficient to enable the deputy to enter a complete and comprehensive compensation order which would dispose of all aspects of the matter. In view of the prolonged history of the litigation, it is to be hoped that it will be expedited when it is returned to the trial deputy.
To the extent indicated above, it is necessary that certiorari be granted and the order of the Full Commission quashed. In other respects, it is approved.
It is so ordered.
THOMAS, Acting C.J., and O'CONNELL, CALDWELL and HOBSON (Ret.), JJ., concur.