PER CURIAM.
The petitioner Barber asks us to quash an order of the Florida Industrial Commission which reversed an order of the Deputy awarding workmen’s compensation benefits.
*558 On October 31, 1955, Barber suffered a compensable back injury while in the employ of the respondent Clark & Clark, Inc. Compensability was stipulated. By order dated January 31, 1962, the employee was paid temporary total disability benefits until February 5, 1962. Thereafter, he was paid permanent partial benefits on the basis of a 25% rating. Subsequently, he sought permanent total disability benefits. On January 11, 1963, the Deputy Commissioner awarded benefits for permanent total disability. On review the Full Commission reversed and remanded the matter to the deputy “for the. purpose of determining claimant’s degree of permanent partial disability.” In a certiorari proceeding, this Court denied the award holding that the Commission had committed no error in remanding the matter to the deputy for reexamination “of the extent of the petitioner’s permanent disability.” On remand, the deputy heard additional testimony. On November 23, 1965, he again found the petitioner permanently and totally disabled. On review, the Full Commission held the deputy in error as a matter of law, in failing to comply with the directions of the first order, and the matter was again remanded to the deputy. The case is again here for review.
When the deputy heard additional testimony after the first remand, he acted within a sound quasi-judicial discretion. The order merely “remanded” the matter; did not preclude the deputy from taking additional testimony. Tampa Electric Co. v. Crosby, Fla., 168 So.2d 70. The action of the deputy was consistent with the order of the Full Commission as well as with the rule announced by this Court in the cited case. It was also consistent with this Court’s first order approving the remand to the deputy for a reexamination of the “extent of the petitioner’s permanent disability.” By these orders he was not directed to find partial disability. On the other hand, he could find the disability'to be total if there was competent substantial evidence to support such a finding.
We have further examined the record and find that there was competent substantial evidence to support the conclusion of the deputy that this claimant is suffering a permanent total disability. A detailed presentation of the evidence would serve no more than support the rule of United States Casualty Co. v. Maryland Casualty Co., Fla., 55 So.2d 741, which we have so often followed.
The decision of the Full Commission is quashed. The cause is remanded with directions to reinstate the order of the deputy Commissioner.
It is so ordered.
THORNAL, C. J., and THOMAS, ROBERTS and ERVIN, JJ., concur.
CALDWELL, J., dissents.