THORNAL, Justice.
We review by certiorari an order of the Florida Industrial Commission affirming an order of a Judge of Industrial Claims (hereinafter identified as JIC) awarding certain workmen’s compensation benefits which were not acceptable to the petitioner.
We must decide whether the JIC committed error in refusing to allow additional evidence on a former remand; whether his findings were adequate and the evidence sufficient, and finally whether an attorney’s fee was properly allowed.
*161 Claimant, a 44-year old journeyman carpenter, suffered an admittedly com-pensable accident on June 28, 1966. A sawhorse he was standing on gave way. Injuries to his right arm, right shoulder and neck resulted. His neck injury was diagnosed as a herniated cervical disc. An anterior cervical fusion was performed. Claimant was discharged with a 15% permanent partial physical impairment of the body as a result of the neck injury. This rating did not include the frozen right shoulder which according to Drs. Yates and Ehlert was psychiatric. - According to Dr. Simonson it was a physical impairment resulting from the accident. Claimant’s present employment as a carpenter’s helper for a friend pays him less than his average weekly wage before the accident.
On November 27, 1967, the JIC entered an order finding claimant had a 15% permanent partial disability on a loss of earning capacity basis and awarding a $660 attorney’s fee. Claimant appealed and the Full Commission reversed on the ground that the order of the JIC did not contain adequate findings of fact. The order authorized the Judge to conduct further hearings if necessary.
Following remand the claimant timely requested a hearing to take additional testimony. The JIC notified the parties that a hearing would be held on May 13, 1969. The Judge entered an order without further testimony reaching essentially the same result as the prior order, with the additional finding that claimant’s anatomical limitations are not psychiatric in nature and that the condition of claimant’s inability to use his right upper extremity will “increase” upon the conclusion of workmen’s compensation litigation. He cancelled the hearing set for May 13, 1969. The Judge again awarded 15% loss of earning capacity and $660 attorney’s fee. This order was entered by the JIC sua sponte without prior notice to the parties.
On appeal the Full Commission affirmed with the comments: (1) that the statement that the shoulder injury would “increase” was scrivener’s error and should be “decreased.” (2) that claimant did not raise the issue of attorney’s fee on first application for review of the November 29, 1967, order and so he cannot now raise it.
Claimant has petitioned this Court for review contending: (1) that the JIC erred in cancelling the hearing for taking of additional testimony without notice to the parties; that the JIC erred on remand in deciding the case based on evidence presented two years prior to the entry of the order in the face of the Full Commission’s authorization and claimant’s request for taking of additional testimony; (2) that the order of the JIC does not contain adequate findings of fact; (3) that there is no competent substantial evidence to support the JIC’s finding of a 15% loss of earning capacity; (4) that the JIC erred in determining the amount of claimant’s attorney’s fees without an evidentiary basis.
If the judge did in fact cancel the hearing set for May 13, 1969, the only record of it in the transcript is petitioner’s brief and his 16th assignment of error for review before the Full Commission. Any question which might be raised concerning an abuse of the Judge’s discretion in can-celling a hearing already scheduled must be moot without evidence of such an event in the record.
However, the compensation order of April 11, 1969, does indicate that the hearing on which the 1969 award was based was conducted two years earlier, between March and November, 1967. This raises the question of whether the Judge abused his discretion in not holding an additional hearing pursuant to the Full Commission’s remand of February 24, 1969.
In Tampa Electric Company v. Crosby, 168 So.2d 70 (Fla.1964) we held that on remand the JIC is at liberty to exercise a sound quasi-judicial discretion to allow additional testimony. He may make findings with or without further hearing as the circumstances require. In Crosby the JIC was *162 affirmed against the claim that it was error to take additional testimony.
We have the converse of Crosby, supra, in the present case. Here, it is claimed that because of the lapse of time and speculative nature, of the injuries, it was an abuse of discretion not to hear additional testimony when requested by a party. A careful reading of the April 11 Compensation Order lends support to this contention.
Many of the findings contained in the April 11 order are of a speculative nature. Whether the anatomical limitations were psychiatric in nature, whether claimant’s inability to use his upper extremity would change upon the conclusion of compensation litigation — these are questions which were not concluded, even by the doctor relied upon by the JIC. For example, we find the following:
“Q. Do you feel, Dr. Simonson, within the realm of reasonable medical probability, that the anatomical limitation in the right shoulder is permanent in nature?
“A. This depends upon the etiology, and in my report I think I have covered, explored the possible etiologies, and we don’t know for sure.”
Dr. Simonson went on to say that the condition might be permanent, that it could increase or decrease.
The JIC found that the claimant was 42 years old based on his own testimony. He was actually 44 at the time of the order. The JIC found that he was “currently” working as an apprentice carpenter. He was a carpenter’s helper two years earlier. The JIC based his medical findings on Dr. Simonson’s testimony which, as already pointed out, predicated a change in condition.
All these factors merely point out the need for an additional hearing. The case was old, and it appears that the JIC merely copied the original order and added some findings. While it is true that the Full Commission remanded only for lack of sufficient findings of ultimate facts, there is no reason to believe that the ultimate facts as found are still accurate. Under these unusual circumstances it is an abuse of discretion to fail to grant an additional hearing to allow the parties to submit further testimony.
In any compensation case dealing with a permanent partial disability, a finding of maximum medical improvement is essential. Corral v. McCrory Corporation, 228 So.2d 90 (Fla.1969); Sanz v. Eden Roc Hotel, 140 So.2d 104 (Fla.1962). There was no such finding here. The JIC nevertheless found a 10-15% permanent disability. In finding number 4 he found temporary total disability from August 10, 1966, to January 10, 1967. Why he chose those dates is not stated. The absence of appropriate findings is especially significant since he also found that “claimant’s inability to use his upper right extremity will increase.” This would seem to contradict any finding of maximum medical improve ment. The Full Commission found that “increase” was a scrivener’s error and should read “decrease.” Such an assumption was unwarranted in view of the conflicting testimony by the very doctor upon which the JIC relied. — “ * * * the freezing of the shoulder is going to continue and may even increase.” The lack of proper findings of ultimate facts makes this part of the Compensation Order a series of contradictions which are inadequate for purposes of review, under the authority of Andrews v. Strecker Body Builders, 92 So.2d 521 (Fla.1957) and Fischer v. John W. Thompson & Son, 92 So.2d 526 (Fla.1957).
The JIC found a 15% loss of wage earning capacity. He found claimant’s average weekly wages at the time of the injury to be $164.50 and his wages after the injury to be $2.75 per hour. Without more complete findings of fact we are unable to determine whether the Judge com *163 plied with Fla.Stat. § 440.15(3) (u), F.S.A., which states in part:
“ ‘disability’ means either physical impairment or diminution of wage earning capacity, whichever is greater[emphasis added]
Without a finding of how many hours per week claimant could work after the injury it is impossible to compare the pre-injury weekly figure with the post-injury hourly figure.
The JIC awarded $660.00 in attorney’s fees for claimant’s attorney, finding that “the parties stipulating the undersigned Judge might determine same without the necessity of live expert witnesses.”
Under this Court’s decision in Lee Engineering & Construction Co. v. Fellows, 209 So.2d 454 (Fla.1968) any such stipulation should state the dollar amount of reasonable attorney’s fees. A mere agreement to let the JIC set the fee is insufficient. There must be some evidence in the record to reflect the reasonable value of the services rendered. Lee Engineering, supra. There is no such evidence here.
Lee Engineering, supra, had not been decided when claimant filed his first application for review. He therefore could not have been expected to demand compliance with that case. Whether or not claimant objected to this award to the JIC is not in the record. However, since the JIC failed to hold a new hearing after the original remand, claimant was never given a post Lee Engineering opportunity to object.
The Order of the Full Commission is quashed. The cause is remanded with directions to remand the same to the JIC for further consideration and disposition in accordance with this opinion.
It is so ordered.
ERVIN, C. J., and ROBERTS and DREW, JJ., concur.
CARLTON, J., agrees to reversal on the merits.