424 So.2d 956 (1983)
Alvin RADNEY, Appellant,
v.
Robert D. EDWARDS, Appellee.
No. AL-191.
District Court of Appeal of Florida, First District.
January 10, 1983.
William D. Barrow, of Barrow & Holley, Crestview, for appellant.
W. Flemming Ward, DeFuniak Springs, for appellee.
Mary Ann Stiles of Stiles & Livingston, Tampa, for amicus curiae Associated Industries of Florida, Inc.
WENTWORTH, Judge.
Employer appeals a workers' compensation order which determined that claimant is entitled to the payment of compensation benefits. Employer contends that he is exempted from the mandatory provisions of the workers' compensation law since he is a private employer with less than three employees. We agree, and we reverse the order appealed.
Section 440.02(1)(b)2, Florida Statutes, defines "employment" under the workers' compensation law as including
All private employments in which three or more employees are employed by the same employer.
Section 440.10(1), Florida Statutes, relating to liability for compensation, provides that only employers who are "within the provisions of [Chapter 440] are liable for the payment of compensation." Since the present case involves a private employer with less than three employees, § 440.10(1) and § 440.02(1)(b)2 establish that claimant is not entitled to the payment of compensation under the workers' compensation law. However, the deputy noted that, pursuant to § 440.11(1), Florida Statutes, if a covered employer fails to secure the payment of compensation as required by the workers' compensation law, an injured worker may maintain an action at law for damages and several traditional common law defenses are statutorily unavailable to the employer. The deputy further noted that if the injured worker elects to proceed under the provisions of the workers' compensation law, negligence need not be proved. The deputy then reasoned that workers whose private employers have less than three employees were thereby given "an inferior legal status which worked to deny them the equal protection of the law as guaranteed *957 each citizen by both the federal and state constitutions." The deputy therefore determined that claimant is entitled to receive workers' compensation benefits even though his private employer has less than three employees.
Contrary to the deputy's venturous ruling,[1] we conclude that the statute effectively excludes private employers with less than three employees from the mandatory provisions of the law, and is not constitutionally infirm in this respect. The legislature could, in our opinion, properly distinguish small employers from larger entities, and such classification can be reasonably related to a permissible legislative objective  mandating the provision of workers' compensation benefits only as to those entities which significantly impact the industrial marketplace. That classification is not discriminatory, arbitrary, or oppressive; therefore, considerations of equal protection, due process, and access to the courts do not preclude such distinction. See Lasky v. State Farm Insurance Co., 296 So.2d 9 (Fla. 1974). In this regard we note that claimant retains his common law legal remedies, and is merely precluded from resort to the legislature's otherwise-substituted remedy of workers' compensation.
Accordingly, we reverse the order appealed.
BOOTH and THOMPSON, JJ., concur.
NOTES
[1] Deputy commissioners are not empowered to declare provisions within the workers' compensation law to be invalid on constitutional grounds. We address the merits of the issue under the doctrine of primacy of district court review.