PER CURIAM.
In this workers’ compensation case, there is competent, substantial evidence to support the deputy commissioner’s finding that claimant’s condition is causally related to the compensable injury. This finding is affirmed.
The award of wage-loss benefits is reversed because the date of maximum medical improvement (MMI) was not determined. In any compensation case dealing with permanent partial disability, a finding of MMI is essential. Brock v. Sey Construction Corporation, 237 So.2d 160 (Fla. 1970), South Carolina Insurance Company v. Blackman, 380 So.2d 1144 (Fla. 1st DCA 1980). The cause is remanded for a finding of whether MMI has been reached and, if so, at what date it was reached.
There is no competent, substantial evidence in the record to support the finding that the work search by claimant for the period of August, 1983 through February, 1984 was adequate. Only one specific employer was named for this seven-month period. Wilbro Dairies v. Hesch, 438 So.2d 968 (Fla. 1st DCA 1983); D & R Builders, Inc. v. Quetglas, 449 So.2d 988 (Fla. 1st DCA 1984). The award of wage loss for the period of August, 1983 through February, 1984 is reversed regardless of the finding on remand as to MMI.
Accordingly, the order below is affirmed in part, reversed in part, and remanded for finding of the date of MMI.
BOOTH, SMITH and THOMPSON, JJ., concur.