BARFIELD, Judge.
The employer and carrier appeal an order on remand awarding, inter alia, TPD benefits and rehabilitation benefits. The deputy commissioner’s original order denying the claim was reversed and remanded by this court in Jackson v. Dade County School Board, 454 So.2d 765 (Fla. 1st DCA 1984). We affirm the award of TPD benefits, but reverse the award of rehabilitation benefits.
Since no evidentiary hearing was held on remand, this court’s prior opinion contains the factual predicate upon which both the original order and the order on remand were based. The question before this court is whether the deputy commissioner exceeded his authority on remand by changing factual findings, which subsequently led to cpnclusions contrary to the original order. Upon remand, a workers’ compensation case goes back to the same condition as if the order reviewed had not been entered. Unless the reviewing court expressly restricts the deputy commissioner on remand, he may exercise sound quasi-judicial discretion to allow additional testimony, or to reconsider the evidence before him in light of the appellate opinion. Tampa Electric Company v. Crosby, 168 So.2d 70 (Fla.1964). In the case at issue, no restrictions were placed on the deputy commissioner’s activities on remand. Because his findings with respect to claimant’s entitlement to TPD benefits are supported by competent substantial evidence in the record, we find we must affirm the portion of the order awarding TPD benefits.
Although the deputy commissioner’s order on remand is not a model of clarity, it appears that the award of TPD benefits is based, at least in part, upon his finding that claimant’s present psychiatric impairment affects her ability to function in a work setting. In addition, he found that claimant is physically unable to return to her previous employment because of her physical inability to lift, bend or stand for long periods of time and that she has suffered a fifteen percent permanent partial disability orthopedically. Taken together, the deputy’s findings on remand imply a conclusion on his part that claimant had in good faith attempted to return to work within the restrictions placed upon her by her treating physicians, that she has not voluntarily limited her income, and that, considering her physical and psychological conditions, she has performed an adequate work search to entitle her to TPD benefits at the maximum rate. In reaching these conclusions, tbe deputy commissioner appears to have accepted as credible claimant’s testimony regarding her physical and mental condition, as well as her attempts to return to work; this testimony the deputy commissioner apparently found incredible in his original order.
We find it difficult to appreciate the deputy commissioner’s apparent change of heart regarding claimant’s credibility, particularly in the absence of any further evi-dentiary hearing or any explanation by the deputy commissioner in his order on remand. We are not possessed of the ability to read the deputy commissioner’s mind in order to understand his abrupt “about-face” in this ease. We can only conclude that the deputy commissioner reassessed the evidence in light of Dr. Mutter’s testimony, which he had rejected in the original order and which he accepted in the order on remand, to reach factual and legal conclusions exactly opposite to those reached in his original order. No abuse of his discretionary authority to so reconsider the evidence has been demonstrated. We are therefore constrained to affirm his order because it is supported by competent substantial evidence in the record, even though the greater weight of the evidence would appear to support the deputy’s original findings regarding claimant’s credibility. *1358 We note, however, that this type of unexplained and apparently arbitrary reversal of factual findings does nothing to bolster public confidence in the adjudicatory process in general or in those individuals who sit in judgment of such claims.
Except for the award of rehabilitation benefits, which is REVERSED as premature under the circumstances, the deputy’s order is AFFIRMED.
BOOTH, C.J., and WIGGINTON, J., concur.