652 So.2d 982 (1995)
ORLANDO SENTINEL and Crawford & Company, Appellants,
v.
Donny WONG-CHOW, Appellee.
No. 94-1136.
District Court of Appeal of Florida, First District.
April 7, 1995.
*983 Rex A. Hurley, Hurley & Rogner, P.A., Orlando, for appellants.
Paul C. Perkins, Page & Eichenblatt, Maitland, for appellee.
SHIVERS, Senior Judge.
In this workers' compensation appeal, we review the order of the judge of compensation claims (JCC) which awarded benefits upon the finding that the appellant, Orlando Sentinel, was the statutory employer of the appellee/claimant, Donny Wong-Chow, pursuant to section 440.10(1), Florida Statutes (1991). Appellants contend that appellee/claimant is an independent contractor as a matter of law, citing Miami Herald Publishing Co. v. Kendall, 88 So.2d 276 (Fla. 1956), and therefore not a statutory employee of the Orlando Sentinel. We disagree on the basis of Miami Herald Publishing v. Hatch, 617 So.2d 380 (Fla. 1st DCA 1993), but remand to the JCC for further findings.
The JCC found that the Orlando Sentinel has a contractual obligation to its advertisers to circulate advertisements in the newspaper. Additionally, the JCC found: (1) that the Orlando Sentinel passed on its primary obligation under that contract to distribute the advertisements in the daily papers to an independent contractor, Bill McKinney; (2) that independent contractor McKinney, in turn, contracted with an independent carrier, the appellee's brother, Bryan Wong-Chow, to distribute the newspapers; (3) that Bryan then hired his brother, the appellee, Donny Wong-Chow, to deliver newspapers; and (4) that neither of the independent contractors, Bill McKinney, or the appellee's brother Bryan Wong-Chow had workers' compensation coverage at the time the claimant suffered a work related injury. Based upon those findings, the JCC concluded that claimant Donny Wong-Chow was a "statutory employee" of the Orlando Sentinel pursuant to section 440.10(1), Florida Statutes, and was deemed to be employed in one and the same business or establishment as the contractor, the Orlando Sentinel. See Miami Herald v. Hatch, 617 So.2d at 380.
It appears that the Orlando Sentinel was a contractor as contemplated by section 440.10(1)(b), Florida Statutes. We find that the record supports the finding that the Orlando Sentinel passed on its primary obligation under its contracts with advertisers to the independent contractor, Bill McKinney, and, in turn, a subcontractor, the appellee's brother, Bryan Wong-Chow.
Section 440.10(1)(b), Florida Statutes, (1991) provides:
In case a contractor sublets any part or parts of his contract work to a subcontractor or subcontractors, all of the employees of such contractor and subcontractor or subcontractors engaged on such contract work shall be deemed to be employed in one and the same business or establishment; and the contractor shall be liable for, and shall secure, the payment of compensation to all such employees, except to the employees of a subcontractor who has secured such payment.
(emphasis added). Reading section 440.10 in pari materia with the entire workers' compensation act, this court has previously concluded that
[t]he purpose of section 440.10 is to insure that a particular industry will be financially responsible for injuries to those employees working in it, even though the prime contractor employs an independent contractor to perform part or all of its contractual undertaking... . [T]he obvious legislative intent [is] to insure that a person performing a contractor's work, even as an employee of a subcontractor shall be entitled to workers' compensation protection with the primary employer if the subcontractor fails to provide such coverage.
Hatch, 617 So.2d at 384 (quoting Roberts v. Gator Freightways, Inc., 538 So.2d 55, 60 (Fla. 1st DCA), approved, 550 So.2d 1117 (Fla. 1989)).
The appellants contend that this case is controlled by Miami Herald Publishing Co. *984 v. Kendall, in which the supreme court reasoned that based upon the law of agency, "newsboys" (carriers) act as independent contractors. The facts in the case at bar differ from those in Miami Herald Publishing Co. v. Kendall. In Kendall the Miami Herald entered into a contract with the carrier. In this case, Donny Wong-Chow had no contract with the Orlando Sentinel.
The JCC found that claimant was hired to deliver newspapers by Bryan Wong-Chow. The order, however, does not delineate facts supporting that finding and we remand for findings in this regard.
Additionally, the order below makes no findings concerning the number of employees that may be engaged by the contractor and subcontractor in the distribution of advertisements. It is thus not clear on the face of the order that the Orlando Sentinel is subject to the mandatory provisions of the workers' compensation law. See Radney v. Edwards, 424 So.2d 956 (Fla. 1st DCA 1983) (the workers' compensation statute excludes private employers with less than the statutory minimum number of employees from the mandatory provisions of the act). On remand, the JCC should therefore determine the number of employees engaged by the contractor and subcontractor in the contract work. The cause is remanded for proceedings not inconsistent with this opinion.
REMANDED.
BARFIELD and KAHN, JJ., concur.