695 So.2d 397 (1997)
John F. GAYTON, Appellant,
v.
MILLS SEPTIC TANK and PCA Solutions, Inc., Appellees.
No. 96-2422.
District Court of Appeal of Florida, First District.
May 2, 1997.
Michael B. Staley, Ocala, for Appellant.
A. Scott Toney of McDonough, O'Dell, Beers, Wieland, Williams & Krakar, Orlando, for Appellees.
PER CURIAM.
Proceedings below having been bifurcated, the parties stipulated that the issue to be tried before the judge of compensation claims at an evidentiary hearing was whether John F. Gayton was, as he contended, a statutory employee rather than, as contended by Mills Septic Tank, Inc., and PCA Solutions, Inc., an independent contractor. Some four months after the hearing concluded, the judge of compensation claims advised the parties by letter that he had decided that the claimant had failed to show that Mills Septic Tank, Inc., was obligated to have workers' compensation coverage, because the evidence did not establish how many employees the company had. On this basis, the judge of compensation claims found it unnecessary to rule on any other question.
Because the company was in the construction business, it was required to secure workers' compensation benefits for its employees, if even one (non-exempt) person worked for it. § 440.02(15)(b)(2), Fla.Stat. (1993). Before the hearing began, the parties had stipulated that the company had workers' compensation insurance coverage.
Learning that whether the company needed insurance coverage was nevertheless perceived to be an issue, the claimant's counsel scheduled a deposition at which he elicited the number of employees that worked for Mills Septic Tank, Inc. The judge of compensation claims refused to consider the deposition transcript, however, and ruled that he was unable to infer from the evidence adduced at the hearing that the company had even a single employee. On that ground, more than a year after the hearing, he entered the order denying relief which is now on appeal.
We reverse and remand for further findings and a determination as to whether the claimant should be deemed a statutory *398 employee. See Orlando Sentinel v. Wong-Chow, 652 So.2d 982 (Fla. 1st DCA 1995).
[I]n a case such as this where the record of the hearings does not contain the required evidence on an essential point, or points, the better procedure would be for the deputy, when he discovers the defect, to notify the parties of the lack of proof and afford them an opportunity to submit evidence to cure it before he enters his order.
Tolbert v. Truly Nolen, Inc., 148 So.2d 521, 523 (Fla.1963). On the other hand, judges of compensation claims have much discretion in deciding whether to reopen a hearing record to receive new evidence after a final hearing has been held.
Ordinarily the need for finality and the importance of efficiency will outweigh the benefits of obtaining more evidence. But parties are entitled to notice of what is to be litigated. Here the parties' pretrial stipulation that the company actually had workers' compensation insurance coverage, and the omission in the pretrial stipulation of any suggestion that whether the company was legally required to obtain coverage was at issue at the hearing, deprived claimant of notice that the number of employees was disputed. The judge of compensation claims should have allowed the late deposition in evidence, in order to cure the notice problem.
Reversed and remanded.
ERVIN, DAVIS and BENTON, JJ., concur.