WEBSTER, J.
In this workers’ compensation case, the claimant seeks review of a final order denying compensability and dismissing his claims and petitions with prejudice based upon the determination that the claimant was not an “employee” for purposes of the workers’ compensation act because he was not employed in the construction industry and his employer employed fewer than four people. Because we conclude that this case is controlled by section 440.10(l)(b), Florida Statutes (2002), and it is clear that more than four employees were employed by the contractor and various subcontractors, we conclude, further, that the claimant was an “employee” for purposes of the workers’ compensation act. Accordingly, we reverse.
On August 14, 2002, the claimant was working for Shirley Martin, doing business as Shirley Martin Trucking, when a log that had been loaded onto his truck fell on him, causing physical injuries. The claimant was the only employee of Martin, who had no workers’ compensation insurance. Martin had a contract with Melvin Bush, doing business as Bush Logging, to haul harvested wood to International Paper’s mill. Bush, in turn, had a contract with J.E. Estes Wood Company to cut and haul wood to the mill. He had at least four employees engaged in the contract work. Pursuant to his contract with Estes, Bush was required to have workers’ compensation coverage for all persons on the job site who were working for him. Bush did have insurance covering his employees. He did not, however, have coverage for Martin’s employees because Martin had told him it was unnecessary, since Martin had only one employee. However, neither Martin nor the claimant ever filed or delivered to Bush a certificate of exemption from workers’ compensation coverage. Finally, Estes had a contract with International Paper for the harvesting and delivery of wood to the mill.
At the beginning of the final hearing, Bush’s attorney conceded that, if the judge of compensation claims concluded the claimant was subject to the workers’ compensation act, Bush would be the claimant’s statutory employer pursuant to section 440.10(l)(b), Florida Statutes (2002). However, he argued that Bush could not be the statutory employer because the claimant worked for Martin, who had fewer than four employees and, therefore, was not subject to the act’s provisions.
Following the hearing, the judge of compensation claims entered an order denying compensability and dismissing the claims and petitions with prejudice. He found that, for purposes of section 440.10(l)(b), Estes was the contractor, Bush was Estes’ subcontractor, Martin was a sub-subcontractor, and the claimant was Martin’s employee. However, because Martin had fewer than four employees, the judge concluded that the claimant was not an “employee” for purposes of the workers’ compensation act and that, therefore, he was not entitled to benefits pursuant to the act. This appeal follows.
Section 440.10(l)(b), Florida Statutes (2002), reads:
In case a contractor sublets any part or parts of his or her contract work to a subcontractor or subcontractors, all of the employees of such contractor and subcontractor or subcontractors engaged on such contract work shall be *1273 deemed to be employed in one and the same business or establishment; and the contractor shall be liable for, and shall secure, the payment of compensation to all such employees, except to employees of a subcontractor who has secured such payment.
The judge of compensation claims correctly concluded that, for purposes of this provision, Estes was the contractor, Bush was a subcontractor, and Martin was a sub-subcontractor. However, he then concluded, further, that, because Martin employed fewer than four people, the claimant was not an “employee” for purposes of the workers’ compensation act and, therefore, not entitled to benefits pursuant to the act. This was error.
The judge of compensation claims based his decision on the following analysis. Section 440.02(15)(a), Florida Statutes (2002), defines an “employee” for purposes of the act as “any person engaged in any employment under any appointment or contract of hire or apprenticeship, express or implied, oral or written.... ” In turn, section 440.02(17)(b)2 defines “employment” as including “[a]ll private employments in which four or more employees are employed by the same employer or, with respect to the construction industry, all private employment in which one or more employees are employed by the same employer.” Because the claimant was not working in the construction industry, and because it was undisputed that Martin employed fewer than four people, the judge reasoned that the claimant did not meet the definition of an “employee” and, therefore, was not entitled to any benefits pursuant to the act. In reaching his decision, however, the judge failed properly to consider the effect of the language of section 440.10(l)(b).
It is undisputed that Estes, as the contractor with International Paper, subcontracted a part of the contract work to Bush who, in turn, subcontracted a part of his work to Martin. It is also undisputed that Bush had at least four employees engaged in the contract work. In such a case, section 440.10(l)(b) provides that “all of the employees of [the] contractor and subcontractor or subcontractors engaged on such contract work shall be deemed to be employed in one and the same business or establishment .... ” We construe this language to require that all employees of the contractor and subcontractors be counted for purposes of determining whether the numerical requirements of section 440.02(17)(b)2 have been met.
Our supreme court has long construed this language as providing that all employees engaged in the same contract work shall be deemed employees of the general contractor for compensation purposes. See, e.g., Carter v. Sims Crane Serv., Inc., 198 So.2d 25, 27 (Fla.1967), receded from on other grounds in Employers Ins. of Wausau v. Abernathy, 442 So.2d 953 (Fla.1983); Miami Roofing & Sheet Metal Co. v. Kindt, 48 So.2d 840, 842 (Fla.1950), receded from on other grounds in Employers Ins. of Wausau v. Abernathy, 442 So.2d 953 (Fla.1983); Brickley v. Gulf Coast Constr. Co., 153 Fla. 216, 14 So.2d 265, 266 (1943); Younger v. Giller Contracting Co., 143 Fla. 335, 196 So. 690, 693 (1940), receded from on other grounds in Employers Ins. of Wausau v. Abernathy, 442 So.2d 953 (Fla.1983). Moreover, as we have previously stated in Roberts v. Gator Freightways, Inc., 538 So.2d 55 (Fla. 1st DCA), approved, 550 So.2d 1117 (Fla.1989), a case factually not unlike this one:
The purpose of section 440.10 is to insure [sic] that a particular industry will be financially responsible for injuries to those employees working in it, even though the prime contractor em *1274 ploys an independent contractor to perform part or all of its contractual undertaking. To construe section 440.10 as argued by [appellee] would afford many common carriers a convenient loophole through which to avoid the requirement of workers’ compensation coverage on many drivers delivering loads pursuant to the carrier’s contracts with its customers. The carriers could simply delegate responsibility for workers’ compensation coverage to small “independent contractors” who routinely do not comply with the carrier’s contractual stipulation to provide such coverage because they do not employ three or more employees, as in this case.
Id. at 60. (At the time, section 440.02(13)(b)2 “define[d] employment as including ‘all private employments in which three or more employees are employed by the same employer.’ ” Id. at 60 n. 4.) The result reached by the judge here is the same as that we condemned in Roberts.
Bush argues that this case is controlled by our decision in Orlando Sentinel v. Wong-Chow, 652 So.2d 982 (Fla. 1st DCA 1995). According to Bush, Wong-Chow stands for the proposition that, unless the subcontractor employing the claimant has the requisite number of employees, section 440.10(1)(b) does not apply. We disagree with Bush’s reading of Wong-Chow.
In Wong-Chow, we approved the judge’s application of section 440.10(l)(b). In doing so, we quoted the same language from Roberts v. Gator Freightways that we have quoted above. Id. at 983. However, we noted that, because the judge’s order “ma[de] no findings concerning the number of employees that may be engaged by the contractor and subcontractor in the distribution of advertisements ..., [i]t [wa]s ... not clear on the face of the order that the Orlando Sentinel [wa]s subject to the mandatory provisions of the workers’ compensation law.” Id. at 984 (emphasis added). Accordingly, we remanded the case to the judge of compensation claims, with directions that she “determine the number of employees engaged by the contractor and subcontractor in the contract work.” Id. (emphasis added). It seems to us relatively clear that the purpose of the remand was to permit the judge to make findings regarding the total number of people employed in the contract work by the contractor and subcontractors. Bush contends that such could not possibly have been the intent, because “it is self-evident that the Orlando Sentinel had more than four employees.” However, Bush’s argument overlooks an important precept of appellate judging — appellate courts will not address for the first time on appeal factual disputes which have not been resolved by appropriate findings of fact. Rather, they will remand with directions that the unresolved factual disputes be addressed, and that findings adequate to permit intelligent appellate review be made. See, e.g., Mitchell v. S. Fla. Baptist Hosp., 805 So.2d 80 (Fla. 1st DCA 2002); Hillsborough County Sch. Bd. v. Williams, 565 So.2d 852 (Fla. 1st DCA 1990). We read the decision in Wong-Chow as adhering to that well-established precept, and nothing more. So read, it is perfectly consistent with Roberts, and with the result we reach here.
Because it is undisputed that Estes, Bush and Martin, together, employed at least four people who were engaged in the contract work, we hold that, pursuant to sections 440.10(1)(b), 440.02(15)(a) and 440.02(17)(b)2, the claimant was an “employee” pursuant to the workers’ compensation act. Bush has correctly conceded that, if the claimant is subject to the workers’ compensation act, Bush is the statutory employer for purposes of section 440.10(1)(b). See Fid. Constr. Co. v. Ar *1275 thur J. Collins & Son, Inc., 130 So.2d 612 (Fla.1961) (holding that, pursuant to section 440.10, when a contractor has subcontracted work to a subcontractor which has workers’ compensation insurance, the subcontractor is liable for work-related injuries sustained by an employee of a sub-subcontractor which did not have workers’ compensation insurance). Accordingly, we hold, further, that Bush is the claimant’s statutory employer.
The decision of the judge of compensation claims is reversed, and the case is remanded for further proceedings consistent with this opinion.
REVERSED and REMANDED, with directions.
ALLEN and BENTON, JJ., concur.