ON MOTION FOR REHEARING AND CLARIFICATION

PER CURIAM.
We withdraw this court’s previous opinion filed on May 27, 1997, and substitute the following, which we have clarified. Appellants’ motion for rehearing and clarification is otherwise denied.
We affirm the workers’ compensation order awarding temporary partial disability (TPD) benefits from January 1, 1994, through August 22, 1995, to the extent it awards benefits for 20 hours of work per week for this entire period, because claimant presented competent, substantial medical evidence proving his entitlement to those benefits. The record shows that he was able to work full-time prior to his industrial injury, and that after his accident his doctors restricted him to part-time employment of only 20 hours per week based on his compensable injuries.
We also affirm the award of additional TPD benefits for those periods in which claimant submitted TPD and job search forms. There is competent, substantial evidence which supports a finding that claimant *962 proved additional entitlement to TPD benefits over and above the 20 hours for which he was medically restricted during these periods by conducting a good-faith, but unsuccessful, job search.
We affirm as well the order to the extent it allows claimant to file TPD forms for the 20 hours he was medically restricted and to amend those forms which were filed to include his earnings throughout this period. See Southern Linen Supply v. Azinger, 528 So.2d 31 (Fla. 1st DCA 1988); AC. Elec. Co. v. Kwitchen, 525 So.2d 993 (Fla. 1st DCA 1988); Old Cove Condo v. Curry, 511 So.2d 666 (Fla. 1st DCA 1987); Morris v. Metal Indus., 491 So.2d 312 (Fla. 1st DCA 1986); Bay Steel Erections v. Chung, 458 So.2d 31 (Fla. 1st DCA 1984).
We reverse the award of interest on the TPD benefits through the date of the April 5, 1996, order, however, because it is undisputed that interest does not begin to accrue until the benefits become due under section 440.20(9), Florida Statutes (1991), and the benefits in this case are not due until the forms are filed.
AFFIRMED in part, REVERSED in part and REMANDED.
ERVIN, DAVIS and BENTON, JJ., concur.