706 So.2d 352 (1998)
McKESSON DRUG CO. and Gallagher Bassett Services, Inc., Appellants,
v.
Sidney WILLIAMS, Appellee.
No. 97-1332.
District Court of Appeal of Florida, First District.
January 27, 1998.
Rehearing Denied March 12, 1998.
*353 Robert A. LeVine and Stephen S. Berlin, Tampa, for Appellants.
Bill McCabe, Longwood, for Appellee.
KAHN, Judge.
One of the many results of the extensive changes to Florida's Workers' Compensation Act effective January 1, 1994, is that for compensable events on or after that date, "[m]ental or nervous injuries occurring as a manifestation of (a compensable injury) shall be demonstrated by clear and convincing evidence." § 440.09(1), Fla. Stat. (1995). Appellants in this case, the employer/carrier (E/C), challenge an award to appellee Sidney Williams on account of what the judge of compensation claims (JCC) characterized as "psychiatric illness secondary to his industrial accident." According to E/C, the JCC did not honor the new statutory standard in finding appellee's mental status compensable. The E/C argues that the standard of proof is that defined by the court in Slomowitz v. Walker, 429 So.2d 797 (Fla. 4th DCA 1983). More significantly, however, E/C argues that the appellate court must apply the clear and convincing standard in order to test the sufficiency of the proof presented to the JCC by the claimant in a workers' compensation case. We reject this contention because it is contrary to the standard of review generally applicable in appellate cases.
In cases involving mental or nervous injuries, claimants are now bound to demonstrate the injury by clear and convincing evidence. Such evidence must be of a quality and character so as to produce in the mind of the JCC a firm belief or conviction, without hesitancy, as to the truth of the allegations sought to be established. Slomowitz, 429 So.2d at 800. See also Westinghouse Elec. Corp. v. Shuler Bros., Inc., 590 So.2d 986, 988 (Fla. 1st DCA 1991). Claimant's burden of proof in this type of case will be stricter than the often-described standard of competent substantial evidence. See, e.g., Schafrath v. Marco Bay Resort Ltd., 608 So.2d 97 (Fla. 1st DCA 1992).[*] The heightened standard of proof before the lower tribunal does not, however, change the standard of review in this court.
In civil cases involving the burden of clear and convincing evidence, an appellate court may not overturn a trial court's finding regarding the sufficiency of the evidence unless the finding is unsupported by record evidence, or as a matter of law, no one could reasonably find such evidence to be clear and convincing. See In re the Adoption of Baby E.A.W., 658 So.2d 961, 967 (Fla.1995); Kingsley v. Kingsley, 623 So.2d 780 (Fla. 5th DCA 1993); In the Interest of DJS, 563 So.2d 655 (Fla. 1st DCA 1990). Accordingly, *354 the appellate court's function is not to conduct a de novo proceeding or reweigh the evidence by determining independently whether the evidence as a whole satisfies the clear and convincing standard, but to determine whether the record contains competent substantial evidence to meet the clear and convincing evidence standard. See, e.g., In re the Adoption of Baby E.A.W., 658 So.2d at 967; The Florida Bar v. Forrester, 656 So.2d 1273, 1275 (Fla.1995); Dyer v. Department of Ins., 585 So.2d 1009, 1013 (Fla. 1st DCA 1991).
Even in criminal cases where personal liberty or the defendant's life is at stake, the appellate court applies a similar standard in reviewing a jury finding of guilt. The appellate court's duty is to review the record in the light most favorable to the prevailing party and to sustain that party's theory of the case if supported by competent substantial evidence. See Orme v. State, 677 So.2d 258 (Fla.1996) (affirming conviction in death penalty case because state's theory of defendant's mental status was supported by competent and substantial evidence, even though there was conflicting evidence), cert. denied, ___ U.S. ___, 117 S.Ct. 742, 136 L.Ed.2d 680 (1997). The competent substantial evidence rule applies as the standard of review in criminal cases because "[l]egal sufficiency alone, as opposed to evidentiary weight, is the appropriate concern of the appellate tribunal." Evans v. State, 692 So.2d 966, 968 (Fla. 5th DCA 1997) (quoting Tibbs v. State, 397 So.2d 1120 (Fla.1981), approved, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982)).
In the present case, we have reviewed the record, including the medical depositions relied upon heavily by appellants. Competent substantial evidence supports the JCC's finding that claimant established his secondary psychiatric illness by clear and convincing evidence.
AFFIRMED.
ERVIN and DAVIS, JJ., concur.
NOTES
[*] Although Florida has historically utilized competent substantial evidence as a standard of proof for claimants in workers' compensation cases, Professor Larson persuasively argues that "The substantial-evidence rule is a rule for the guidance of appellate review, not a rule for the guidance of administrative fact-finding." LARSON, THE LAW OF WORKERS' COMPENSATION, § 80.25 (1994). As Larson points out, it is for the compensation judge to weigh the evidence, and "weighing implies giving effect to the weight of the evidence." Id. The question before the court in the present case is strictly limited to the standard of appellate review.