727 So.2d 395 (1999)
CLAIMS MANAGEMENT, INC., and McClanes, Appellants,
v.
Thomas DREWNO, Appellee.
No. 97-2395.
District Court of Appeal of Florida, First District.
March 10, 1999.
*396 Rex A. Hurley, William Rogner and Paul L. Westcott of Hurley, Rogner, Miller, Cox & Waranch, P.A., Fort Pierce, for Appellants.
Robert M. Paine, Lakeland, for Appellee.

ON MOTION FOR REHEARING
ERVIN, J.
We grant appellants' motion for rehearing to the extent that this court's opinion of October 12, 1998, is withdrawn, and the following opinion is substituted therefor.
This is an appeal by Claims Management, Inc., and McClanes, the employer and carrier (E/C), respectively, from a workers' compensation order awarding Thomas Drewno (claimant) concurrent permanent total disability (PTD) benefits and permanent impairment (PI) benefits. We affirm the award of PTD benefits, reverse the award of simultaneous PI benefits, and remand for further proceedings.
On December 26, 1994, claimant suffered a compensable injury to his back and left groin area, the latter of which necessitated surgery on May 9, 1995, to release twisted ilioinguinal and genitofemoral nerves. Claimant was subsequently diagnosed with three psychiatric conditions: affective, somatoform and personality disorders. He later made a claim for PTD benefits based on the physical injury and psychiatric conditions allegedly caused by the industrial accident and for unpaid PI benefits, as well as interest, costs and attorney fees. The E/C defended, urging that the industrial accident was neither causally related to nor the major contributing cause of the psychiatric conditions. Following a hearing on the claim, the judge of compensation claims (JCC) found that claimant was entitled to both PTD and PI benefits as a result of his psychiatric injury; accordingly, he ordered the E/C to provide such benefits to claimant, as well as interest on all unpaid benefits, costs and attorney fees.
*397 The E/C first urges that the JCC erred in awarding claimant both PTD and PI benefits. We agree. This case is controlled by our court's recent decision in Brannon v. Tampa Tribune, 711 So.2d 97 (Fla. 1st DCA 1998), wherein we held that PI and PTD benefits are alternativenot cumulative remedies. We therefore reverse the award of PI benefits and remand the case with directions that the same be deleted from the order.
The E/C next contends that the JCC erred in awarding PTD benefits, because claimant failed to establish a causal relationship between his psychiatric conditions and the industrial accident by clear and convincing evidence. In support of its argument, the E/C asserts that the 1994 amendments to chapter 440 impose two burdens of proof higher than those previously required for establishing causal relationship. First, mental injuries now require proof of causal relationship by clear and convincing evidence, rather than by a preponderance of the evidence. Second, the industrial accident must constitute the major contributing cause of the injury. As a result of these enhanced burdens, the E/C maintains that the claimant's evidence failed to meet the clear-and-convincing standard, because Dr. Bernstein answered that he did not know whether the psychiatric conditions were causally related to the industrial accident, nor did he know the major contributing cause of claimant's psychiatric conditions. The E/C further contends that the JCC erroneously relied on both medical and lay evidence to establish a causal relationship; therefore, the award should be reversed.
On rehearing, the E/C has now clarified its position that its arguments arise under section 440.09(1), Florida Statutes (Supp.1994), and the new statutory definition of "arising out of," which includes the term "major contributing cause," and not under section 440.09(1)(a), pertaining to subsequent injuries, or 440.09(1)(b), involving preexisting conditions. As so framed, we cannot agree with the E/C's contentions seeking reversal of the PTD award.
In an effort to reduce costs, the Florida Legislature made extensive revisions to the Workers' Compensation Law that became effective on January 1, 1994, which included section 440.09(1), Florida Statutes, providing as follows:
(1) The employer shall pay compensation or furnish benefits required by this chapter if the employee suffers an accidental injury or death arising out of work performed in the course and the scope of employment. The injury, its occupational cause, and any resulting manifestations or disability shall be established to a reasonable degree of medical certainty and by objective medical findings. Mental or nervous injuries occurring as a manifestation of an injury compensable under this section shall be demonstrated by clear and convincing evidence.
The first sentence of section 440.09(1) sets forth the test for causation. The claimant is now required to prove that he or she suffered "an accidental injury or death arising out of work performed in the course and the scope of employment." The sentences which follow describe the quality of evidence needed to establish causation. To prove the "injury, its occupational cause, and any resulting manifestations or disability," claimant's evidence must demonstrate causation by "a reasonable degree of medical certainty and by objective medical findings." When an initial industrial injury results in a mental or nervous manifestation, causation must also be "demonstrated by clear and convincing evidence." See McKesson Drug Co. v. Williams, 706 So.2d 352, 353 (Fla. 1st DCA 1998) (claimants are now bound to demonstrate mental injuries by clear and convincing evidence, i.e., evidence of a quality and character designed to produce in the mind of a JCC a firm belief or conviction, without hesitation, as to the truth of the allegations).
In considering causation under section 440.09(1), we must also examine section 440.02(32), Florida Statutes, which, too, was added with the 1994 amendments. This section defines the term "arising out of" as follows: "An accidental injury or death arises out of employment if work performed in the course and scope of employment is the major contributing cause of the injury or death." (Emphasis added.) As we explained in Vigliotti *398 v. K-mart Corp., 680 So.2d 466 (Fla. 1st DCA 1996), the statutory definition of arising out of requires proof of two elements. First, the claimant must have been performing work in the course and scope of employment at the time of the accident or injury. Second, the work so performed must constitute the major contributing cause of the accident or injury. Id. at 468. The first element refers to the origin of the accident, as well as the time, place and circumstances under which the accident occurred. The second element requires proof that the employment constituted more than a contributing, competent, precipitating or accelerating cause of the accident or injury; it must be the major contributing cause. Id. And see Hernando County Sch. Bd. v. Dokoupil, 667 So.2d 275 (Fla. 1st DCA 1995) (establishing the test for the arising out of element when there is a preexisting or idiopathic condition). Although the legislature did not define the term "major contributing cause," this court has defined it as "the most preponderant cause." Orange County MIS Dep't v. Hak, 710 So.2d 998, 999 (Fla. 1st DCA 1998).
We interpret the above portion of section 440.09(1) and the statutory definition of "arising out of" as focusing on the original injury or accident. See Vigliotti (repeatedly linking accident and injury to "arising out of element). Consequently, one need only prove that the original injury or accident arises out of work performed in the course and scope of employment and that work performed is the major contributing cause of the initial injury or accident. We deem it unnecessary to prove that each manifestation, disease or condition resulting from the initial injury also arises out of work. Rather, it is sufficient if resulting manifestations, diseases and conditions are shown to be directly and proximately linked to the initial injury. Thus, we reject the E/C's argument that claimant was required to prove that his work was the major contributing cause of his resulting psychiatric conditions.
Our interpretation is supported by the statutory language in section 440.09(1), which provides that compensation is payable "if the employee suffers an accidental injury or death arising out of work performed in the course and scope of employment." (Emphasis added.) It does not explicitly require the claimant to show additionally that manifestations arise out of work conducted in the course and scope of employment. Moreover, section 440.02(32), which defines "arising out of," makes no reference to manifestations. Rather, it states that "accidental injury or death arises out of employment if work performed in the course and scope of employment is the major contributing cause of the injury or death." (Emphasis added.) "Injury" is defined in section 440.02(17) as "personal injury or death by accident arising out of and in the course of employment, and such diseases or infection as naturally or unavoidably result from such injury." The latter portion of that definition encompasses resultant diseases and manifestations, mental or otherwise. It does not require a claimant to establish separately that they also arise out of work. It is apparent that the legislature understood the difference between an injury and a resulting manifestation by the language used in the second sentence of section 440.09(1), which provides that the "injury, its occupational cause, and any resulting manifestations or disability" be established within a reasonable degree of medical certainty and objective medical findings. (Emphasis added.) Our interpretation is consistent with the legislative intent in that the final bill analysis stated that the "arising out of definition was added "to clarify circumstances of occupational causation for employment accidents." Fla. H.R. Comm. on Commerce, SB 12-C (1993) Final Bill Analysis (Dec. 1, 1993) (Fla. State Archives) (emphasis added).
Applying this causation test to the instant case reveals no error by the JCC. The parties stipulated that the original groin injury claimant suffered was compensable. Thus, they necessarily agreed that the accident and injury occurred while claimant was performing his work duties, and that his employment was the major contributing cause of the injury.[1] Based on our interpretation of section *399 440.09(1), it was unnecessary for claimant to prove as well a work connection or major contributing cause as to his resultant psychiatric conditions.
Turning next to the quantum and quality of the evidence, section 440.09(1) requires a claimant to prove the industrial injury, its cause and its manifestations, such as psychiatric conditions, within a reasonable degree of medical certainty and with objective findings. Regarding the physical injury, Dr. Borrero performed surgery to release the twisted nerves, and he testified that the groin injury was causally related to the industrial accident within a reasonable degree of medical certainty. Borrero's surgery evidences the necessary objective findings to support the injury.
As for his psychiatric conditions, claimant was also required to demonstrate his resultant mental conditions within a reasonable degree of medical certainty and by objective medical findings, with the proof being established by clear and convincing evidence. See McKesson. This is a test of proximate medical causation, however, not major contributing cause, because, as previously stated, the mental conditions are manifestations of the original physical injury.
The proof for this mental injury issue rests on Dr. Bernstein's testimony. Admittedly, the doctor suggested several factors that could be contributing causes for the psychiatric conditions, such as claimant's doing poorly in school as a youngster, limited reading and writing skills, a prior arrest and previous drug use. Moreover, when asked if the psychiatric disorders were related to the accident, Bernstein first answered that he did not know. He later clarified his answer, however, saying, "I think if the orthopedists [Borrero] feel that there was an injury that this industrial accident caused, an injury and/or impairment, then there would be some connection between that and his psychiatric diagnosis primarily of Depressive [affective disorder] and Somatoform Disorder." Still later, when asked, "Is what you're saying is that if Mr. Drewno did experience a problem, physical problem from the accident, an underlying physical problem in his left leg, then you feel that the psychiatric problems that he's having would be causally related to that accident?" Dr. Bernstein answered, "That's correct." He further stated that his opinion was within a reasonable degree of medical certainty. Dr. Bernstein also wrote in a medical report that claimant's depressive and pain disorders "would be related to the industrial accident if the treating physicians can make a direct connection between the industrial accident and a physical injury and or impairment." Bernstein's above testimony, when coupled with Dr. Borrero's unequivocal statement that claimant incurred a three percent permanent impairment from his work-related accident, constitutes competent, substantial evidence (CSE) to support the JCC's finding of a causal relationship between claimant's psychiatric conditions and compensable physical injury within a reasonable degree of medical certainty. Bernstein recorded many symptoms which constitute objective findings to support the psychiatric conditions. Thus, the JCC did not err in finding that claimant had established the necessary causal connection between the physical injury and psychiatric conditions which manifested therefrom.
We likewise find no error in the JCC's determination that claimant satisfied the clear-and-convincing-evidence standard. First, Dr. Bernstein's testimony and written notations are sufficient by themselves. Second, Dr. Borrero's testimony and medical records clearly show the emergence of claimant's psychiatric symptoms shortly after the surgery, as evidenced by claimant's unexplained complaints of pain despite successful surgery, and his fear of touching the injured area. Third, the JCC's finding of such a causal relationship is further supported by the lay testimony of claimant and his wife. Both confirmed that claimant never had any mental problems before the industrial accident, and that his mental condition had deteriorated following it. The totality of this evidence provides the necessary CSE to meet the clear-and-convincing-evidence standard, thereby warranting affirmance on this point. See McKesson, 706 So.2d at 354 (appellate court's function is not to conduct a de novo proceeding and reweigh the evidence to determine independently if it satisfies the *400 clear-and-convincing standard, but simply to determine whether the record contains CSE to support such a finding). In so saying, we agree with the JCC that the determination of "clear and convincing evidence" is a judicial one that may be made from the totality of all the evidence, medical and lay, particularly since nothing in section 440.09(1) requires the clear-and-convincing standard to be met by medical evidence alone.
In conclusion, because there is CSE to support the findings that the physical injury arose out of claimant's employment; that the physical injury, its cause, and its manifestations or disability, i.e., the psychiatric conditions, were established within a reasonable degree of medical certainty and by objective medical findings; and that the mental injury occurring as a manifestation of the compensable injury was demonstrated by clear and convincing evidence, the PTD award based upon these findings is proper and is affirmed.
Due to our resolution of the above issues, we agree with the E/C that interest was incorrectly ordered on the award of unpaid PI benefits, and we reverse and remand with directions that all interest amounts on same be deleted. Moreover, any order directing the payment of attorney's fees should exclude from its consideration PI benefits as benefits secured through the lawyer's services. Because, however, we have affirmed the award of PTD benefits, we affirm that portion of the order directing the payment of interest on such benefits, as well as the award of attorney's fees which takes into consideration the attorney's efforts in obtaining the payment of PTD benefits.
AFFIRMED in part, REVERSED in part, and REMANDED.
PADOVANO, J., CONCURS.
BOOTH, J. SPECIALLY CONCURS WITH OPINION.
BOOTH, J., SPECIALLY CONCURRING.
I specially concur in light of Employer/Carrier's motion for rehearing limiting the issue to interpretation of section 440.09(1), Florida Statutes (Supp.1994), which does not apply to claimants who have a history of preexisting psychiatric conditions.
NOTES
[1] Even in the absence of such an agreement, we note that there is competent, substantial evidence to support such a finding.