PER CURIAM.
Claimant, Eddie Goodman, appeals an order of the judge of compensation claims (JCC) denying the compensability of his psychiatric injury based upon Claims Management, Inc. v. Drewno, 23 Fla. L. Weekly D2351 (Fla. 1st DCA Oct.12,1998). Because the court did not have the benefit of our subsequent clarification in Claims Management, Inc. v. Drewno, 727 So.2d 395 (Fla. 1st DCA 1999) (on reh’g), we reverse and remand for further consideration.
Goodman suffers from post-traumatic stress disorder (PTSD), which arose following his involvement in a ghastly traffic accident resulting in another person’s death on August 11, 1997, for which he was not at fault. During the accident, Goodman also received a minor shoulder injury, which, according to his attending physician, Dr. Steven Machlin, played only a small role in causing his PTSD. Under section 440.02(1), Florida Statutes (1997), a psychological injury due to “stress, fright, or excitement only” is not compensable. See, e.g., City of Holmes Beach v. Grace, 598 So.2d 71 (Fla.1992); Thames v. Santa Rosa County Jail, 639 So.2d 95 (Fla. 1st DCA 1994); City of Miami Beach v. Morantes, 633 So.2d 491 (Fla. 1st DCA 1994). We direct the JCC to determine on remand whether Goodman’s PTSD resulted from stress, fright, or excitement only, or whether it was increased or prolonged in any manner as a result of the shoulder injury. To establish the latter, Goodman was required to demonstrate by clear and convincing evidence that the PTSD was a manifestation of his shoulder injury. § 440.09(1), Fla. Stat. (1997).
REVERSED and REMANDED for further proceedings consistent with this opinion.
ERVIN, ALLEN and DAVIS, JJ., CONCUR.