PER CURIAM.
In this workers’ compensation case, the employer/carrier appeal an order awarding certain benefits to the claimant. We reverse the award of a psychiatric evaluation and possible treatment because nothing in the record links any need the claimant may have for this benefit to the claimant’s compensable injury. See, e.g., Claims Management, Inc. v. Drewno, 727 So.2d 395, 399 (Fla. 1st DCA 1999) (“As for his psychiatric conditions, claimant was also required to demonstrate his resultant mental conditions within a reasonable degree of medical certainty and by objective medical findings, with the proof being established by clear and convincing evidence. This is a test of proximate medical causation, however, not major contributing cause, because ... the mental conditions are manifestations of the original physical injury.” (citation omitted)); Kentucky Fried Chicken v. Tyler, 716 So.2d 295, 298 (Fla. 1st DCA 1998) (explaining that letter from doctor recommending that claimant “be evaluated to determine whether what seemed to be depression was related to her accident at work,” together with another doctor’s recommendation for psychiatric evaluation, supported award of psychiatric evaluation but did not constitute competent substantial evidence to support JCC’s determination that psychiatric condition was direct and immediate result of industrial accident and, therefore, award of prospective psychiatric treatment was reversed). In all other respects, we affirm.
BOOTH, KAHN, and BROWNING, JJ., CONCUR.