BROWNING, J.
Suzanna Mitchell (Claimant) appeals a final order of the Judge of Compensation Claims (JCC) on these three grounds: the JCC erred in determining that the only physical injury suffered by Claimant due to her industrial accident was a low back injury; in failing to address Claimant’s psychiatric condition and injuries in the order; and in refusing to consider the deposition testimony and medical records of Dr. Ana Lipson after tentatively admitting the doctor’s testimony and medical records at the final hearing. We affirm the final order as to the first and third issues. We reverse the order as to the second issue and remand the case for the JCC to make specific findings regarding Claimant’s alleged psychiatric condition and injuries.
On April 11, 1998, while working as a registered nurse in the intensive care unit, Claimant suffered a compensable industrial accident when she injured her low back. Specifically, in a series of bending, reaching, twisting, and grabbing motions, she exacerbated a pre-existing low back injury while assisting another nurse in controlling a combative patient. Prior to the industrial accident, Claimant had an extensive history of orthopedic complaints involving the entire back area, the left sacroiliac region, and the neck and upper trunk, in addition to headaches and memory loss and rib cage pain. Temporary benefits were paid from May 28, 1998, to July 24, 1998. Dr. Gray, a board-certified orthopedic surgeon, testified that Claimant reached maximum medical improvement on November 17, 1998, after which no further medical treatment was anticipated for the low back injury.
Claimant experienced another incident at home on December 22, 1998, when she bent over to lift some boxes and experienced the onset of shooting pain in the right-side cervical and thoracic spine, as well as muscle tightening from the lower spine to the neck. Her lower back “seized up,” preventing her from moving. Claimant sought a determination of entitlement to temporary total disability (TTD) and/or temporary partial disability (TPD) benefits from November 20, 1998, to the present; authorization of medical care and treatment by a physician specializing in pain management; penalties and interest; and attorney’s fees and costs. Claimant’s initial requests for authorizations and/or benefits did not specifically mention her alleged psychiatric condition and injuries.
The employer (South Florida Baptist Hospital) and carrier (Zenith Insurance Company), collectively E/C, defended the case on the grounds that all indemnity due and owing had been paid, as Claimant received TTD and TPD benefits; that any need for current treatment was due to the subsequent intervening accident for which E/C are not responsible; that an unauthorized physician (Dr. Vo) treated Claimant for an unrelated condition; and that no penalties, interest, attorney’s fees, or costs were due and owing. E/C’s counsel objected to the admission of any evidence from Drs. Eric and Ana Lipson, who, respectively, are a pulmonologist and a pain management specialist, unless the JCC found Claimant’s pneumothorax (collapsed or punctured lung) is causally related to the industrial accident. Claimant’s lawyer argued that Dr. Ana Lipson’s testimony should be admitted irrespective of the JCC’s finding regarding the pneumothorax condition because the pain management treatment also relates to the compensable *82 accident. Dr. Ana Lipson’s deposition testimony was tentatively admitted into evidence. After finding Claimant’s pneumo-thorax condition is not compensable, the JCC concluded that Dr. Ana Lipson’s deposition testimony is neither relevant nor admissible. On that basis, the JCC expressly declined to rely on that physician’s testimony. Because competent substantial evidence supports the finding that the pneumothorax condition is unrelated to the industrial accident, error (if any) in the refusal to admit Dr. Ana. Lipson’s deposition testimony and medical records is harmless.
In the final order, the JCC set forth detailed findings of fact to support her conclusion that the sole physical injury suffered by Claimant in her industrial accident was an exacerbation of her pre-exist-ing low back injury, which resulted in no permanent impairment. Given that finding, the JCC denied any further TTD, TPD, or any other classification of indemnity benefits. Claimant was found not entitled to any further medical care or treatment as related to her industrial accident. Competent substantial evidence in the record supports the JCC’s determination that the low back injury is the only physical injury sustained by Claimant as a result of the industrial accident.
However, notwithstanding E/C’s suggestion to the contrary, Claimant correctly notes that her alleged psychiatric condition and injuries were placed in issue and properly preserved in the proceedings below. At the beginning of the final hearing, Claimant’s attorney proffered the deposition testimony of Dr. Gonzalez, who had provided care and treatment that E/C denied. Claimant’s counsel stated that Claimant was relying on that doctor’s testimony to support entitlement to temporary benefits based on the psychiatric condition, which was alleged to be causally related to the industrial accident. E/C’s lawyer objected on the grounds that Dr. Gonzalez was unauthorized, that the bulk of his treatment occurred before Claimant requested him, and that his testimony was cumulative to Dr. Weller’s testimony. Agreeing that it was cumulative, the JCC refused to admit Dr. Gonzalez’s testimony into evidence but allowed it to be proffered. In closing argument, E/C’s counsel noted that Claimant was claiming TTD or TPD benefits “based apparently on Dr. Weller’s report,” which opined that Claimant’s psychiatric problems are caused by whatever is causing her the most pain. Claimant’s lawyer argued that the psychiatric testimony is undisputed. Thus, it is clear from the record that Claimant was seeking temporary benefits for her alleged psychiatric condition and injuries, and the issue was raised below.
For the first time on appeal, Claimant contends that the JCC erred by failing to address the alleged psychiatric condition and injuries in the final order, by failing to address the impact (if any) of the psychiatric problems on Claimant’s ability to work, and by not explaining why psychiatrist Dr. Weller’s unrefuted medical opinions were rejected. Claimant relies on the general rule that when an order fails to include adequate findings of fact to permit effective appellate review of the basis of the JCC’s ruling, reversal is proper with a remand for findings. Trujillo v. Southern Wine & Spirits, 525 So.2d 481 (Fla. 1st DCA 1988); Ellerbee v. Concorde Roofing Co., 461 So.2d 206 (Fla. 1st DCA 1984). It is not our function to search the record for any support of an order and to affirm it with a blind eye to the reasons for the fact-finder’s rulings. University of Florida v. Green, 395 So.2d 258 (Fla. 1st DCA 1981). The JCC’s omission of any reference whatsoever to the alleged psychiatric condition and injuries, and the basis for denying *83 relief, is more than a mere “technical error.” Cf. Wal-Mart Stores, Inc. v. Lopez, 742 So.2d 301 (Fla. 1st DCA 1998) (holding that mere “technical error” in time period for which TTD/TPD benefits were to be awarded was readily correctable by motion for rehearing, and employer’s failure to raise issue before JCC within statutory time available for correction precluded appellate review of such issue).
The workers’ compensation statute provides that “[mjental or nervous injuries occurring as a manifestation of any injury compensable under this section shall be demonstrated by clear and convincing evidence.” § 440.09(1), Fla. Stat. (1999); McKesson Drug Co. v. Williams, 706 So.2d 352 (Fla. 1st DCA 1998). This determination “may be made from the totality of all the evidence, medical and lay, particularly since nothing in section 440.09(1) requires the elear-and-eonvincing standard to be met by medical evidence alone.” Claims Management, Inc. v. Drewno, 727 So.2d 395, 400 (Fla. 1st DCA 1999). The potential significance of Dr. Weller’s unrefuted testimony to the claim for temporary benefits, if the testimony were to be accepted by the JCC, is readily apparent from the record. The psychiatrist testified, within a reasonable degree of psychiatric certainty, about two main psychiatric diagnoses. Claimant manifests a depressive disorder not otherwise specified, probably a major depression with mainly physiological symptoms, as well as a pain disorder that is associated with both physical and psychological factors. The doctor opined that the industrial accident is the major contributing cause of these psychiatric diagnoses. He opined also that Claimant had not reached psychiatric maximum medical improvement because her symptoms remained very active. He recommended psychotherapy with drug management. Dr. Weller did not think either pain management or psychiatric treatment would be successful in treating the physical and psychiatric complaints unless both were offered. The doctor opined that at the time of the independent medical examination (IME), Claimant’s psychiatric condition interfered significantly with her everyday living and with her occupational functioning. He doubted that Claimant could maintain the demands of competitive employment on any sustained basis, for her degree of somatic concerns, her insecurity, her concentration deficits, and her enhanced susceptibility to stress rendered Claimant very unstable. Assuming that Claimant’s psychiatric condition had remained substantially the same from January 1999 to the IME date, Dr. Weller opined that Claimant was incapable of working. He believed the care and treatment that he recommended were reasonable and medically necessary. The doctor found no basis to question Claimant’s credibility on these matters. On cross-examination, Dr. Weller said that Claimant had related her symptoms of depression to stresses placed on her at work. The doctor opined that Claimant’s pain and physical limitations are the major contributing cause of her depression. Whether Claimant had a pre-existing personality disorder or difficulty remained in question. E/C never provided benefits or treatment for the alleged psychiatric condition and injuries.
E/C contend the JCC’s failure to address the alleged psychiatric condition and injuries is harmless error in light of competent substantial evidence in the record justifying denial of this claim. The record belies E/C’s assertion that the only psychiatrist to testify about psychiatric matters had no opinion regarding Claimant’s ability to work. Although Claimant suggested that her depressive symptoms were related to workplace stresses, Dr. Weller related Claimant’s psychiatric problems to *84 whatever physical problem caused most of her pain and disability. E/C note that when Dr. Weller saw Claimant in February 2000, Claimant was no longer suffering from low back pain, according to orthopedist Dr. Baker. Thus, argue E/C, the major contributing causes of any depression were Claimant’s physical problems unrelated to the industrial accident. E/C’s contentions are based on findings the JCC could have made based on some evidence in the record. The problem, of course, is that no such findings were made in the final order, so that we are unable effectively to review the JCC’s basis for denying temporary benefits based on the alleged psychiatric condition and injuries. Acknowledging the fact-finder’s authority to determine credibility and to weigh evidence, we direct the JCC on remand to make sufficient findings to explain her ruling on the request for benefits based on the alleged psychiatric condition and injuries.
We AFFIRM the final order in part, REVERSE in part, and remand for the JCC to make specific findings addressing the claim for benefits based on the alleged psychiatric condition and injuries.
PADOVANO and LEWIS, JJ., concur.