PER CURIAM.
George Cromartie (“claimant”) seeks review of an order in which the Judge of Compensation Claims (“JCC”) denied his claim for psychiatric care and treatment. On appeal, claimant argues that the JCC erred in concluding that clear and convincing evidence existed to refute the expert medical advisor’s opinion that claimant sustained a psychiatric injury as a result of his compensable work-related injury. Within this contention, claimant also argues that the JCC applied an improper legal standard in determining that claimant did not suffer from a compensable psychiatric injury. Because it is unclear as to whether the JCC applied the correct standard of causation in denying claimant’s claim, we reverse the final order and remand with directions. As we reverse the final order due to its lack of clarity, we decline to address the merits of claimant’s main argument on appeal.
On June 26, 1998, claimant sustained a physical injury while in the course and scope of his employment as a maintenance worker for the appellee employer, the City of St. Petersburg. Following this injury, claimant allegedly began suffering from depression. Due to the conflicting opinions of claimant’s treating physicians, the JCC appointed an expert medical advisor to assess claimant’s mental health. The expert medical advisor, Dr. Warren, opined that claimant suffered from dementia secondary to a closed head injury as a result of his work-related injury. However, the JCC, in rejecting Dr. Warren’s testimony, determined that claimant’s medical records and the other physicians’ reports constituted clear and convincing evidence sufficient to refute Dr. Warren’s opinion.
In paragraph forty-one of the JCC’s order, the JCC set forth that it is well settled that recovery for a mental or emotional injury is only available where the alleged mental injury is the “direct and immediate result” of a physical injury. The JCC also set forth in paragraph forty-one that section 440.09(1), Florida Statutes, provides that “mental and nervous injuries occurring as a manifestation of an injury compensable under this section shall be demonstrated by clear and convincing *374 evidence.” In paragraph forty-two, the JCC then set forth that one of the first interpretations of the major contributing cause doctrine and its applicability to a psychiatric case can be found in this Court’s prior opinion in Claims Management, Inc. v. Drewno, 727 So.2d 395 (Fla. 1st DCA 1999) (on reh’g). According to the JCC, this Court, in analyzing the standard of proof in cases where the claimant is seeking benefits based on psychiatric treatment allegedly as a result of the com-pensable injury, held in Drewno that the claimant must prove the physical injury was the major contributing cause of the subsequent psychological injury and that the causal relationship between the two injuries must be proven by clear and convincing evidence.
Subsequently, in paragraph fifty-two, .the JCC again set forth that a mental injury must be the direct and immediate result of a physical injury. In paragraph sixty, however, the JCC made a very general statement that “[tjhere must be a causal relationship between a physical injury and the resulting need for psychiatric treatment.” Finally, in paragraph sixty-seven, the JCC set forth that “the claimant’s expert’s opinion regarding causation are [sic] not supported by the medical evidence.... ” In denying claimant’s request for psychiatric care and treatment, the JCC also denied his claim for attorney’s fees and costs. This appeal followed.
Because the JCC’s application of an incorrect legal standard would preclude us from reaching the merits of her denial of the claim for psychiatric care, we address this issue first. Section 440.09, Florida Statutes (1997), provides, in pertinent part, as follows:
(1) The employer shall pay compensation or furnish benefits required by this chapter if the employee suffers an accidental injury or death arising out of work performed in the course and the scope of employment. The injury, its occupational cause, and any resulting manifestations or disability shall be established to a reasonable degree of medical certainty and by objective medical findings. Mental or nervous injuries occurring as a manifestation of an injury compensable under this section shall be demonstrated by clear and convincing evidence.
(a) This chapter does not require any compensation or benefits for any subsequent injury the employee suffers as a result of an original injury arising out of and in the course of employment unless the original injury is the major contributing cause of the subsequent injury,
(emphasis added). The above statute, which became effective on January 1,1994, was part of the extensive revisions that the Legislature made to the Workers’ Compensation Law. See Drewno, 727 So.2d at 397. Prior to such revisions, the Legislature made no reference to “clear and convincing evidence” or “major contributing cause” with regard to workers’ compensation coverage. See e.g., § 440.09, Fla. Stat. (1993).
In Drewno, we rejected the E/C’s argument that pursuant to section 440.09(1), an industrial accident must constitute the major contributing cause of any alleged psychiatric injuries. 727 So.2d at 398. We concluded that “it is sufficient if resulting manifestations, diseases and conditions are shown to be directly and proximately linked to the initial injury.” Id. (emphasis added). We further determined that the test for proximate medical causation requires a claimant to demonstrate his or her resultant mental conditions within a reasonable degree of medical certainty and by objective medical findings, with the proof being established by clear and convincing evidence. Id. at 399. We then *375 reiterated that such test is for proximate medical causation, not major contributing cause, as mental conditions are manifestations of the original physical injury. Id.; see also Selecta Farms v. Martinez, 768 So.2d 1272, 1273 (Fla. 1st DCA 2000) (reversing an award of a psychiatric evaluation and possible treatment as nothing in the record linked any need the claimant may have had for this benefit to the claimant’s compensable injury).
From a review of the JCC’s order in this case, it is unclear to us as to what standard of causation she applied to claimant in denying his claim for psychiatric care and treatment. While she initially set forth that a psychiatric injury must be the direct and immediate result of a physical injury, she then addressed the major contributing cause doctrine, inaccurately stating our conclusion in Drevmo with regard to such. Contrary to the JCC’s finding, we did not hold that a claimant must demonstrate that his or her initial physical injury was the major contributing cause of his or her mental injury. Rather, we held that a claimant need only prove that his or her mental injury or manifestation is directly and proximately linked to his or her initial physical injury. See Drewno, 727 So.2d at 398. Moreover, the JCC subsequently set forth that a “causal connection” must exist between a claimant’s injuries, without expressly addressing what type of causal connection she applied in denying claimant’s claim. Nor did the JCC elaborate on the causation issue when she concluded that the opinions of claimant’s experts regarding causation were not supported by the medical evidence.
The failure to apply the correct legal standard or to provide this Court with a sufficient basis to determine that the appropriate legal principles have been followed is grounds for reversal. See Axilrod v. State, Dep’t of Children and Family Servs., 799 So.2d 1103, 1108 (Fla. 4th DCA 2001); see also Wilson v. Wilson, 827 So.2d 401, 403 (Fla. 2d DCA 2002) (reversing and remanding the trial court’s order as it was unclear to the court whether the trial court applied the correct legal standard); Clay County Sch. Bd. v. Robison, 725 So.2d 425, 425 (Fla. 1st DCA 1999) (reversing and remanding the JCC’s order because the JCC failed to apply the statutory standards governing notice of injury and causation); Walker v. Friendly Vill. of Brevard, 559 So.2d 258, 262 (Fla. 1st DCA 1990) (holding that because the trial court applied an incorrect legal standard, it should be given the opportunity to review the evidence again in light of the correct legal standard). Accordingly, because it is unclear to us as to whether the JCC applied the correct standard of causation, we reverse the final order and remand with directions that the JCC apply the correct standard of causation as set forth in Drewno, 727 So.2d at 398, to claimant’s claim for psychiatric care and treatment.
REVERSED and REMANDED with directions.
BARFIELD, BROWNING and LEWIS, JJ., concur.