927 So.2d 169 (2006)
DOLLAR GENERAL and Dollar General Corporation, Appellants/Cross-Appellees,
v.
Clifford E. McCOY, Appellee/Cross-Appellant.
No. 1D05-1305.
District Court of Appeal of Florida, First District.
April 27, 2006.
*170 Mary L. Wakeman of McConnaughhay, Duffy, Coonrod, Pope & Weaver, P.A., Tallahassee, for Appellants/Cross-Appellees.
Christopher M. Costello, Orlando; Bill McCabe, Longwood, for Appellee/Cross-Appellant.
PER CURIAM.
In this workers' compensation case, the employer/self-insured seeks review of the determination that claimant's accident was compensable; and claimant cross-appeals the denial of certain periods of temporary partial disability benefits, as well as the denial of his claim for penalties and interest on the award of temporary benefits for the period from November 18, 2003, through June 14, 2004. We affirm without discussion the determination of compensability and the denial of certain periods of temporary partial disability benefits. However, we reverse the denial of penalties and interest. The denial of penalties was erroneous because the employer/self-insured neither paid the benefits within seven days of when they became due, as required by section 440.20(6), Florida Statutes (2003), nor exercised the pay-and-investigate option provided by section 440.20(4); and because the employer/self-insured did not offer any relevant evidence showing that it was unaware, as of the date on which claimant alleged the benefits were due, of facts supporting the obligation to pay those benefits. See, e.g., Shaw v. Fla. Steel Corp., 846 So.2d 1254 (Fla. 1st DCA 2003); Bruno's, Inc./Food World v. Bruner, 805 So.2d 1090 (Fla. 1st DCA 2002); Eastern Indus., Inc. v. Burnham, 750 So.2d 748 (Fla. 1st DCA 2000). For the same reasons, the judge also erred in denying interest on the past due benefits, which ordinarily is awarded pursuant to section 440.20(8), in addition to other penalties for late payment of compensation. In denying interest, the judge misapplied Beck Hospitality v. Gardner, 696 So.2d 961 (Fla. 1st DCA 1997), the facts of which are distinguishable from those in this case. Accordingly, we remand to the judge of compensation claims with directions to grant claimant's request for penalties and interest on the indemnity benefits awarded from November 18, 2003, through June 14, 2004.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
BARFIELD, WEBSTER and BENTON, JJ., concur.