941 So.2d 508 (2006)
Doretta TURNER, Appellant,
v.
MIAMI-DADE COUNTY SCHOOL BOARD and Gallagher-Bassett Services, Inc., Appellees.
No. 1D06-0640.
District Court of Appeal of Florida, First District.
November 8, 2006.
L. Barry Keyfetz of L. Barry Keyfetz, P.A., Miami, for Appellant.
Steven P. Kronenberg and Kimberly J. Fernandes of Kelley, Kronenberg, Gilmartin, Fichtel & Wander, Miami Lakes, for Appellees.
*509 WEBSTER, J.
In this workers' compensation case, claimant seeks review of a final merits order. She contends that the judge of compensation claims erred when he denied a claim for additional impairment benefits based on a neck injury and a claim for penalties and interest based on the late payment by the employer and servicing agent of impairment benefits attributable to a low-back injury. We agree, and reverse and remand for further proceedings.
On February 14, 2001, claimant was involved in a compensable accident. On June 28, 2002, claimant filed a petition seeking impairment benefits attributable to injuries to both her neck and low back. On July 23, 2002, the employer and servicing agent paid for 15 weeks of impairment benefits attributable to the low-back injury, but paid nothing as to the additional impairment allegedly attributable to the neck injury. The response to the first petition did not controvert the claim based on the neck injury. On July 29, 2002, claimant filed a second petition for benefits seeking penalties and interest for the alleged late payment of impairment benefits attributable to the low-back injury. In a pretrial stipulation entered into by the parties and approved by the judge, the employer and servicing agent responded "yes" to the question asking whether the accident was accepted as compensable and to the question asking whether the "[i]njuries or conditions" were accepted as compensable.
At the commencement of the merits hearing, the attorney for the employer and servicing agent took the position that claimant was not entitled to benefits on account of her neck injury because the evidence would establish that the workplace accident was not the major contributing cause of that injury. Claimant's attorney responded that the employer and servicing agent could not make such an argument because they had stipulated that claimant's "[i]njuries or conditions" were compensable. The parties then introduced evidence, which included medical testimony presented by the employer and servicing agent that claimant's neck injury was not causally related to the workplace accident. The judge subsequently entered a final merits order holding that claimant had failed to carry her burden of demonstrating that her neck injury had been caused by the workplace accident. The order denied the request for impairment benefits attributable to the neck injury, but did not discuss claimant's position that the employer and servicing agent were precluded from challenging compensability of the neck injury because of the pretrial stipulation. It also denied the claim for penalties and interest because of late payment of impairment benefits attributable to the low-back injury, again without discussion. This appeal follows.
As a general rule, "[a] stipulation properly entered into and relating to a matter upon which it is appropriate to stipulate is binding upon the parties and upon the Court." Gunn Plumbing, Inc. v. Dania Bank, 252 So.2d 1, 4 (Fla. 1971). Accord Hufcor/Gulfstream, Inc. v. Homestead Concrete & Drainage, Inc., 831 So.2d 767, 769 (Fla. 4th DCA 2002); Burnsed v. State, 743 So.2d 139, 139-40 (Fla. 2d DCA 1999). Here, it would appear that the provision in the pretrial stipulation by which the parties agreed that claimant's "[i]njuries or conditions" were compensable relieved claimant of any obligation to establish compensability as to her neck injury, and precluded the employer and servicing agent from attempting to establish the contrary until and unless that stipulation was set aside. No request to set aside the stipulation appears in the record, and the judge failed to address the impact *510 of the stipulation in the merits order. Because the judge failed to address this issue, we reverse and remand with directions that the judge address the impact (if any) of the pretrial stipulation on the right of the employer and servicing agent to controvert the claim for impairment benefits attributable to claimant's neck injury, and make findings of fact supporting his conclusion. See, e.g., Mitchell v. S. Fla. Baptist Hosp., 805 So.2d 80, 82 (Fla. 1st DCA 2002); Delchamps v. Page, 659 So.2d 341, 342 (Fla. 1st DCA 1995); King Motor Co. v. Pollack, 409 So.2d 160, 166 (Fla. 1st DCA 1982).
With regard to the issue of claimant's entitlement to penalties and interest for late payment of impairment benefits attributable to the low-back injury, the evidence appears to demonstrate that the employer and servicing agent were aware by at least late March 2002, when their attorney had a conference with Dr. Chiron, that claimant had reached maximum medical improvement on January 4, 2002, with a five percent impairment rating attributable to her low-back injury. (In fact, there is evidence suggesting that the servicing agent had received information to that effect on an earlier date.) Notwithstanding this evidence, however, claimant was not paid impairment benefits for her low-back injury until July 23, 2002. Thus, it would appear that claimant is entitled to penalties and interest for late payment. See § 440.15(3)(a)1 (providing that "[o]nce the employee has reached the date of maximum medical improvement, impairment benefits are due and payable within 20 days after the carrier has knowledge of the impairment"); § 440.20(6) & (8) (addressing liability for penalties and interest, respectively), Fla. Stat. (2001). Nevertheless, because the judge also failed to make any findings regarding this issue, we are constrained to reverse and remand with directions that the judge address the issue and make findings of fact supporting his conclusion. See B & L Servs., Inc. v. Coach USA, 791 So.2d 1138, 1144 (Fla. 1st DCA 2001).
In summary, we reverse the determinations that claimant is not entitled to impairment benefits attributable to her neck injury or to penalties and interest for late payment of impairment benefits attributable to her low-back injury, and remand for further proceedings consistent with this opinion.
REVERSED and REMANDED, with directions.
VAN NORTWICK, and PADOVANO, JJ., concur.