PER CURIAM.
In this workers’ compensation case, claimant challenges the compensation order on remand. Claimant raises three issues on appeal, only one of which we find has merit. Claimant argues that the judge of compensation claims (JCC) erred in de *316 nying her claim for penalties and interest related to the E/SA’s late payment of impairment benefits for her back injury. We agree, and reverse and remand for further proceedings consistent with this opinion.
This issue was previously before this Court in Turner v. Miami-Dade School Board & Gallagher-Bassett Services, 941 So.2d 508 (Fla. 1st DCA 2006) {Turner I). The facts of the case are not in dispute. On February 14, 2001, claimant was involved in a compensable accident. On January 4, 2002, Dr. Chiron, claimant’s authorized treating physician, found claimant had reached maximum medical improvement (MMI) and assigned a five percent permanent impairment rating for her back injury. On March 29, 2002, the E/SA’s counsel conferenced with Dr. Chiron and discussed that Dr. Chiron assigned a five percent impairment rating for claimant’s back injury on January 4, 2002. On June 28, 2002, claimant filed a petition seeking impairment benefits for her back injury. On July 23, 2002, the E/SA paid claimant for 15 weeks of impairment benefits for her back injury. On July 29, 2002, claimant filed a second petition seeking interest and penalties for the E/SA’s late payment of the benefits.
Section 440.20(6), Florida Statutes (2001), provides that, if the E/SA fail to make payment of impairment benefits within seven days after those benefits become due, the E/SA shall pay penalties unless such nonpayment results from conditions over which the E/SA had no control. Section 440.20(8), Florida Statutes (2001), provides that the E/SA shall also pay interest from the date the benefits were due until the date the benefits are paid.
In Turner I, this Court found that the evidence appeared to demonstrate that claimant was entitled to penalties and interest on the E/SA’s late payment of benefits because the E/SA were aware that claimant reached MMI on January 4, 2002, by at least March 29, 2002, if not earlier, but failed to make payments until July 23, 2002. Id. at 510. However, because the JCC failed to make any findings of fact regarding the issue, this Court was constrained to reverse and remand with directions to the JCC to make findings of fact supporting his conclusion. Id.
 On remand, the JCC again denied the claim for penalties and interest and failed to make any findings of fact supporting his conclusion. The E/SA argue that the JCC did not err in denying the claim because claimant failed to meet her burden of proof. However, as claimant correctly argues, the E/SA, not claimant, have the burden to offer “any relevant evidence showing that [they were] unaware, as of the date on which claimant alleged benefits were due, of facts supporting the obligation to pay those benefits.” Dollar Gen. v. McCoy, 927 So.2d 169, 170 (Fla. 1st DCA 2006). The E/SA, however, presented no evidence that they were ever unaware, as of January 4, 2002, that they were required to pay claimant impairment benefits for her back injury. As such, it was incumbent on the JCC to award both penalties and interest. Id.
Accordingly, we reverse and remand, with directions to the JCC to award claimant penalties and interest on the E/SA’s late payment of impairment benefits for claimant’s back injury pursuant to section 440.20(6) and section 440.20(8), Florida Statutes (2001).
AFFIRMED in part; REVERSED in part; and REMANDED, with directions.
KAHN, WEBSTER, and ROBERTS, JJ., concur.