PER CURIAM.
 

 In this workers’ compensation case, Claimant appeals an order denying penalties and interest on permanent total disability (PTD) and PTD supplemental benefits paid after the self-insured employer voluntarily accepted him as permanently and totally disabled retroactive to an earlier date. We affirm in part and reverse in part.
 

 BACKGROUND
 

 Claimant was injured in an industrial accident on November 26, 2007, and never returned to work. With no petition for benefits pending, the employer voluntarily accepted him as permanently and totally disabled on July 23, 2009, retroactive to May 6, 2009, and made a lump sum payment of PTD and PTD supplemental benefits accrued since May 6, 2009, taking credit for previously paid permanent impairment benefits. The lump sum did not include penalties or interest.
 

 On September 1, 2009, Claimant filed a petition for benefits requesting, in addition to other benefits, PTD and PTD supplemental benefits from March 29, 2009, plus penalties and interest. On September 15, 2009, the employer agreed to pay PTD and PTD supplemental benefits retroactive to March 29, 2009, but denied the claim for penalties and interest. The adjuster testified at the subsequent hearing that the employer elected to accept Claimant as permanently and totally disabled for ad
 
 *639
 
 ministrative reasons retroactive to May 6, 2009, because the employer received a medical opinion from a treating physician that Claimant had an overall impairment rating of 34% on May 13, 2009. She also testified the employer did not receive any new information between May 13, 2009, and July 23, 2009, that led it to accept Claimant as permanently and totally disabled. Finally, the adjuster testified that the employer’s September 15, 2009, decision to pay PTD and PTD supplemental benefits retroactive to March 29, 2009, was based on another treating physician’s MMI date of March 29, 2009, which the employer had received in March 2009.
 

 ANALYSIS
 

 This case is one of statutory interpretation subject to the
 
 de novo
 
 standard of review.
 
 See Lombardi v. S. Wine & Spirits,
 
 890 So.2d 1128, 1129 (Fla. 1st DCA 2004). Although the briefs conflate the issues of whether the JCC erred in denying claims for penalties and interest, a clear analysis requires that the two issues be discussed separately.
 

 Penalties
 

 Section 440.20(6)(a), Florida Statutes (2007), provides in pertinent part:
 

 If any installment of compensation for death or dependency benefits, or compensation for disability benefits payable without an award is not paid within 7 days after it becomes due, as provided in subsection (2), subsection (3), or subsection (4), there shall be added to such unpaid installment a penalty of an amount equal to 20 percent of the unpaid installment, which shall be paid at the same time as, but in addition to, such installment of compensation. This penalty shall not apply for late payments resulting from conditions over which the employer or carrier had no control.
 

 In addressing when benefits become due, section 440.20(2)(a), Florida Statutes (2007), provides:
 

 The carrier must pay the first installment of compensation for total disability or death benefits or deny compensability no later than the 14th calendar day after the employer receives notification of the injury or death, when disability is immediate and continuous for 8 calendar days or more after the injury. If the first 7 days after disability are nonconsecutive or delayed, the first installment of compensation is due on the 6th day after the first 8 calendar days of disability. The carrier shall thereafter pay compensation in biweekly installments or as otherwise provided in s. 440.15, unless the judge of compensation claims determines or the parties agree that an alternate installment schedule is in the best interests of the employee.
 

 Thus, the first question we address is when the PTD and PTD supplemental benefits the employer voluntarily paid retroactive to May 6, 2009, and later retroactive to March 29, 2009, became due. This question must be answered before the JCC can determine whether payment was late and, if so, whether late payment should be excused due to conditions over which the employer or carrier had no control.
 

 Here, the JCC concluded payment was not late because Claimant was not medically restricted from doing sedentary work on May 6 or March 29, 2009, and PTD benefits are not payable if a claimant is engaged in, or physically capable of engaging in, at least sedentary employment. The JCC then concluded the employer did not have any information that Claimant was permanently and totally disabled on the date he reached MMI and that Claimant did not establish the employer failed to pay PTD benefits when they were due. This was error for the reasons that follow.
 

 
 *640
 
 We reject the circular logic implicit in the employer’s contention that, although it chose to pay PTD and PTD supplemental benefits retroactive to a date it voluntarily selected, the time when those benefits became due did not begin to run from that date because Claimant never proved he was entitled to PTD benefits. Construction of section 440.20(6)(a) in a manner that requires a claimant to prove entitlement to PTD benefits in order to prove penalty entitlement whenever an employer or carrier voluntarily accepts a claimant as permanently and totally disabled retroactive to an earlier date is inconsistent with legislative intent that the workers’ compensation system be self-executing.
 
 See
 
 § 440.015, Fla. Stat. (2007). It is also unnecessary because the Legislature has provided in section 440.20(6)(a) that a penalty shall not apply for late payments resulting from conditions over which the employer or carrier had no control.
 

 PTD benefits voluntarily paid retroactively by an employer or carrier without an award become due, for purposes of section 440.20(6)(a), in bi-weekly installments pursuant to section 440.20(2)(a), commencing 14 days from the date designated by the employer or carrier as the retroactive start date for those benefits. If a payment is more than seven days late under this construction of section 440.20(6)(a), penalties are due unless the employer or carrier proves late payment resulted from conditions over which the employer or carrier had no control.
 
 See Turner v. Miami-Dade County Sch. Bd.,
 
 967 So.2d 315 (Fla. 1st DCA 2007) (explaining Employer/Carrier has burden of proving penalties should be excused);
 
 Dollar Gen. v. McCoy,
 
 927 So.2d 169 (Fla. 1st DCA 2006) (same);
 
 cf. Mitchell v. Sunshine Cos.,
 
 850 So.2d 682 (Fla. 1st DCA 2003) (holding voluntary acceptance and payment of PTD benefits retroactive to a particular date relieves claimant of burden of proving date entitlement to PTD benefits began for purpose of determining entitlement to attorney’s fees). When an employer or carrier voluntarily accepts a claimant as permanently and totally disabled and voluntarily pays PTD benefits retroactively, a claimant seeking penalties on those benefits does not bear the burden of proving entitlement to PTD benefits, the date entitlement to PTD benefits began or when the employer or carrier had sufficient information to determine entitlement to PTD benefits.
 

 Our holding is consistent with prior opinions from this court addressing the penalty statute in cases where the employer or carrier has denied a claim for the benefits on which penalties are claimed and the JCC has ordered the employer or carrier to pay those benefits following an evidentiary hearing.
 
 See Shaw v. Fla. Steel Corp.,
 
 846 So.2d 1254 (Fla. 1st DCA 2003);
 
 B & L Servs., Inc. v. Coach USA,
 
 791 So.2d 1138 (Fla. 1st DCA 2001);
 
 Serv. Mgmt. Sys. v. Hood,
 
 790 So.2d 578 (Fla. 1st DCA 2001);
 
 E. Indus. v. Burnham,
 
 750 So.2d 748 (Fla. 1st DCA 2000). Regardless of whether the benefit on which penalties were claimed was awarded following an evidentiary hearing, as in those cases, or was voluntarily paid by the employer or carrier, as in this case, the pertinent question is whether the employer or carrier carried its burden of proving when it had knowledge of the evidence supporting an obligation to pay, such that late payment resulted from conditions over which the employer or carrier had no control. When benefits are voluntarily paid by the employer or carrier, however, the fact that the employer or carrier acquired such knowledge at some point in time is presumed.
 

 In the instant case, the only evidence on this issue came from the adjuster who
 
 *641
 
 testified that the employer elected to accept Claimant as permanently and totally disabled for administrative reasons retroactive to May 6, 2009, because on May 13, 2009, the employer received an opinion from a treating physician that Claimant had an overall impairment rating of 34%. The employer presented no explanation as to why it delayed acceptance of Claimant as permanently and totally disabled until July 23, 2009. We therefore reverse the denial of penalties and remand with instructions that the JCC enter an order awarding penalties on benefits paid more than seven days late for periods of PTD between May 13, 2009, and July 23, 2009.
 
 *
 

 Interest
 

 Section 440.20(8)(a), Florida Statutes (2007), provides:
 

 In addition to any other penalties provided by this chapter for late payment, if any installment of compensation is not paid when it becomes due, the employer, carrier, or servicing agent shall pay interest thereon at the rate of 12 percent per year from the date the installment becomes due until it is paid, whether such installment is payable without an order or under the terms of an order. The interest payment shall be the greater of the amount of interest due or $5.
 

 Because statutory subsections should be construed
 
 in pari materia
 
 in determining when compensation becomes due, we apply to interest under section 440.20(8)(a) the same analysis we apply to penalties under section 440.20(6)(a). Yet, because the Legislature has chosen not to provide a mechanism for excusing an employer or carrier from paying interest on late payments of compensation and because interest is not punitive, a JCC may not deny a claim for interest because late payment resulted from conditions over which the employer or carrier had no control.
 
 See generally Watkins v. Resources Prop. Mgmt.,
 
 596 So.2d 763 (Fla. 1st DCA 1992) (recognizing statutory language as to penalties differs from statutory language as to interest). Consequently, the denial of interest on late payments of PTD and supplemental benefits is reversed and remanded with instructions that interest be awarded on late payments from March 29, 2009.
 

 AFFIRMED in part; REVERSED in part; and REMANDED, with instructions.
 

 WOLF, ROBERTS, and WETHERELL, JJ., concur.
 

 *
 

 Claimant's counsel conceded at oral argument that, as of March 29, 2009, the employer did not have sufficient information to determine Claimant was entitled to PTD benefits. We therefore affirm the denial of penalties on PTD benefits for periods from March 29, 2009, to May 12, 2009.